1  ROBERT B. HAWK, SBN 118054
   HOGAN LOVELLS US LLP
2  4085 Campbell Avenue, Suite 100
   Menlo Park, CA 94025
3  Tel: (650) 463-4000
   Fax: (650) 463-4199
4  robert.hawk@hoganlovells.com

5  HELEN TRAC, SBN 285824
   HOGAN LOVELLS US LLP
6  3 Embarcadero Center, Suite 1500
   San Francisco, CA 94111
7  Tel: (415) 374-2300
   Fax: (415) 374-2499
8  helen.trac@hoganlovells.com

9  JAMES TANSEY, SBN 293332
   HOGAN LOVELLS US LLP
10 100 International Drive
   Baltimore, MD 21202
11 Tel: (410) 659-2700
   james.tansey@hoganlovells.com
12
   *Attorneys for Defendant*
13 Mercedes-Benz USA, LLC

14                UNITED STATES DISTRICT COURT
15                NORTHERN DISTRICT OF CALIFORNIA
16                       OAKLAND DIVISION
17

| | |
|---|---|
| STEVE FERRARI, MIKE KEYNEJAD, and PATRICIA RUBIN, individually and as representatives of the Class of Persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AUTOBAHN, INC. DBA AUTOBAHN MOTORS; MERCEDES-BENZ USA, LLC; SONIC AUTOMOTIVE, INC.; AND SPEEDWAY MOTORSPORTS, INC.<br><br>Defendants | Case No.<br><br>**NOTICE OF REMOVAL OF ACTION UNDER THE CLASS ACTION FAIRNESS ACT, 28 U.S.C. § 1453** *et seq.* |

NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE ENTITLED COURT AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendant Mercedes-Benz USA, LLC ("MBUSA") hereby removes this action from the Superior Court of the State of California for the County of San Mateo to the United States District Court for the Northern District of California, Oakland Division.

In support thereof MBUSA states as follows:

1. This is a putative nationwide class action wherein the amount in controversy exceeds $5,000,000. Pursuant to the provisions of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1453 *et seq*., this case is properly removable to federal court. 28 U.S.C. § 1332(d).

2. Plaintiffs Steve Ferrari, Mike Keynejad, Patricia Rubin, Hooshang Jowza, Celso Frazao, Renuka Narayan, Gertrud Frankrone, Ernest Salinas, Kalkhusan Sareen, Hossein Jalali, Ron Wolfe, Sohrab Rahimzadeh, Fred Grant, Ester Grant, Jessica Langridge, Tony Nicolosi, Donald Lyang, Artur Semichev, John Diaz, Harold Fethe and Ray Gapasin filed a Class Action Complaint ("Complaint") on December 20, 2016.   Plaintiffs filed the Complaint on behalf of themselves and on behalf a proposed class of persons comprising:

> (a) Any person or entity who brought one or more Mercedes-Benz automobiles to Autobahn Motors, in Belmont, CA during the period of 2005-present for repairs and/or maintenance; who received non-OEM/non-genuine/approved Mercedes Benz parts, supplies, and/or oil from Autobahn Motors without the customers' consent; and were invoiced for OEM parts at OEM prices;
>
> (b) All Buyers of pre-owned Mercedes Benz from. Autobahn Motors during the period 2005-present who had zMAX, MOC products, non-approved oil or oil filters, or any other non-OEM product put into their car;
>
> (c) All Buyers of automobiles from any dealership of Sonic Automotive [approximately 134] that places zMAX, MOC products, non-approved oil or oil filters, into the used or preowned car inventory during the period 2005-present who had zMAX or any other non OEM product put into their car;

Complaint at ¶ 64.  MBUSA was served with a copy of the Complaint and Summons on December 28, 2016.

### Diversity Jurisdiction Under CAFA

3. Enacted to expand federal diversity jurisdiction over purported class actions,

CAFA provides that a class action may be removed in accordance with 28 U.S.C. § 1446 if: (a) membership in the class is not less than 100; (b) any member of the plaintiff class is a citizen of a foreign country or a state different from any defendant; and (c) the aggregate amount in controversy exceeds $5,000,000. *See* 28 U.S.C. §§ 1453(b) and 1332(d).

4. CAFA's first requirement—that class membership be no less than 100 (28 U.S.C. § 1332(d)(5)—is satisfied. Plaintiffs allege that Autobahn, Inc. purchased 17,795 non-OEM oil filters that it used in its customers' vehicles (Complaint at ¶ 35), and that "the true number of victims . . . is in excess of ten thousand, which satisfies the numerosity requirement for a class action." *Id.* at ¶ 39. Accordingly, a reasonable basis exists to conclude that there are more than 100 members of the class.

5. CAFA's second requirement—that any one member of the purported class is a citizen of a state different from any defendant, (28 U.S.C. § 1332(d)(2)(A))—is also satisfied. Per the Complaint, Defendants Sonic Automotive, Inc. and Speedway Motorsports, Inc. are incorporated in Delaware and have their principal places of business in North Carolina, and Defendant MBUSA is incorporated in Delaware and has its principal place of business in Georgia. Complaint at ¶¶ 31-33. Plaintiffs Ferrari, Keynejad and Rubin are California citizens. Complaint at ¶¶ 4-6.

6. CAFA's third requirement—that the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs (28 U.S.C. § 1332(d)(2))—is satisfied as well. Although MBUSA disputes the theories of liability and asserted remedies advanced in the Complaint, Plaintiffs nonetheless seek in the Complaint, among other things, restitution for the purchase price paid by the class of consumers to Autobahn, Inc. for non-OEM oil filters, in an amount totaling $7,118,000. Complaint at ¶ 122; *see also id.* at ¶ 123 (alleging damages in excess of $21 million). This amount, without more, puts more than $5,000,000 in controversy. Accordingly, the Complaint on its face states claims which, if true, far exceed CAFA's jurisdictional minimum.

7. In addition, Plaintiffs also seek other damages, including exemplary damages and injunctive relief, which will increase the amount in controversy. *See, e.g., Tompkins v. Basic*

*Research LLC*, 2008 WL 1808316, *4 (E.D. Cal. April 22, 2008) (defendants' cost of compliance with an injunction is factored in to the amount in controversy).

### Intra-district Assignment

8. As this action arose in the County of San Mateo, assignment to the San Francisco/Oakland Division of the United States District Court for the Northern District of California is proper. *See* Civil L.R. 3-2(d).

### Procedural Requirements Under Removal Statute

9. The procedural requirements set forth in 28 U.S.C. § 1446 are also satisfied here. Section (a) of that statute requires the removing party to file a notice of removal "in the district court of the United States for the district and division within which such action is pending," which MBUSA does with this filing. Section (a) also requires a moving party to provide a copy to the district court of all process, pleadings, and orders in the state action. The Complaint, summons, and other documents in MBUSA's possession are attached hereto as Exhibit A.[1]

10. MBUSA was served with the Summons and Complaint on December 28, 2016. This Notice of Removal is filed within thirty (30) days of said date, and within one year of the date of commencement of the action. Accordingly, MBUSA's filing of this Notice of Removal is timely. *See* 28 U.S.C. §1446(b)(3).

11. Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal are being served upon counsel for Plaintiffs and filed with the Clerk of the Superior Court of California for the County of San Mateo.[2]

Based upon the foregoing, MBUSA therefore respectfully submits: (i) that this Court has diversity jurisdiction under 28 U.S.C. §§ 1332, 1446 and 1453; and (ii) that the procedural requirements under 28 U.S.C. § 1446 are met. As such, this action is properly removable to federal court.

---

[1] In addition to the Complaint and Summons, MBUSA is in receipt of some of Plaintiffs' filings in support of their *ex parte* application for an Order to Show Cause; however, MBUSA is not in possession of the declarations of Raymond Gapasin or Patricia Rubin, and is in possession of only one declaration of Herman Franck.

[2] Copies of this Notice of Removal are also being served upon counsel for the other named defendants.

| | |
|---|---|
| Date: January 4, 2017 | HOGAN LOVELLS US LLP |
| | By: */s/ Robert B. Hawk*<br>     Robert B. Hawk |
| | Attorneys for Defendant<br>Mercedes-Benz USA, LLC |