# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **STEVE FERRARI, ET AL.,** Plaintiffs, vs. **MERCEDES BENZ USA, LLC, ET AL.,** Defendants. | CASE NO. 17-cv-00018-YGR <br><br> **ORDER:** <br> **(1) GRANTING IN PART MOTION FOR LEAVE TO AMEND;** <br> **(2) GRANTING MOTION TO COMPEL ARBITRATION;** <br> **(3) GRANTING IN PART AND DENYING IN PART MOTION FOR STAY; AND** <br> **(4) GRANTING IN PART AND DENYING IN PART MOTIONS TO DISMISS** <br><br> Dkt Nos. 82, 84, 104 |

Presently pending before the Court are: the motions of defendant Mercedes Benz USA, LLC ("MBUSA") to dismiss the Second Amended Complaint ("SAC"); the motion of defendants Autobahn, Inc. and Sonic Automotive, Inc. to compel arbitration and stay action, and in the alternative to dismiss the SAC; and plaintiffs' motion for leave to file a third amended complaint. (Dkt. Nos. 82, 84, and 104.) Having carefully considered the arguments and admissible evidence in support of and in opposition to the motions, and for the reasons that follow, the Court **ORDERS** as follows:

(1) plaintiffs' motion for leave to amend is **GRANTED IN PART**.[1] Plaintiffs are granted leave to file a third amended complaint, but must further amend the proposed pleading consistent with the Court's rulings herein;

(2) the motion of defendants Autobahn and Sonic to compel arbitration is **GRANTED**, and the motion to stay is **GRANTED IN PART** as to the claims of plaintiffs Harold Fethe, Celso Frazao, Sohrab Rahimzadeh, Kalkhusan Sareen, and Artur Semichev only.

---

[1] The hearing on plaintiffs' motion for leave to file a third amended complaint, currently set for January 23, 2018, at 2:00 p.m. is **VACATED**.

(3) the motions to dismiss of defendants Autobahn, Sonic and MBUSA are **DENIED IN PART AND GRANTED IN PART WITH LEAVE TO AMEND** as set forth herein.

### A. Motion of Sonic and Autobahn to Compel Arbitration and Stay Litigation

Autobahn and Sonic move to compel arbitration of the claims alleged in the SAC by plaintiffs Harold Fethe, Celso Frazao, Sohrab Rahimzadeh, Kalkhusan Sareen, and Artur Semichev. Fethe and Frazao entered into Retail Installment Sale Contracts ("RISCs") when purchasing a car from Autobahn. Semichev entered into a RISC when purchasing a car from Mercedes-Benz of Walnut Creek, another Sonic dealership. Rahimzadeh and Sareen entered into Motor Vehicle Lease Agreements ("Leases") when leasing a car from Autobahn. Both the RISCs and the Leases included a broad arbitration clause, materially the same as the following:

> Any claim or dispute, whether in contract, tort, statute, or otherwise (including the interpretation and scope of this clause[3] and the arbitrability of any claim or dispute) between you and us or our employees, agents, successors or assigns, which arise out of or relate[4] to your credit application, purchase, or condition of this vehicle, this contract, or any resulting transaction or relationship (*including any such relationship with third parties who did not sign this contract*), shall at your or our election, be resolved by neutral binding arbitration and not by a court action.

(*See* RISCs at Declaration of Bruce Nye, Dkt No. 82-1, Exh. C-E, emphasis supplied.) Plaintiffs' claims against Sonic and Autobahn relate to the purchase, condition, or service of their automobiles. As to Fethe, Frazao, Rahimzadeh, and Sareen, Autobahn is a party to the agreements and plainly may enforce them. Sonic may also enforce those agreements, both as an intended beneficiary and because it is sued here on account of its role as the parent company of Autobahn. Likewise, Autobahn and Sonic are intended third party beneficiaries of the RISC entered into by Semichev in his purchase from Mercedes-Benz of Walnut Creek, since it is another Sonic dealership and the automobile was serviced by Sonic's Autobahn dealership. Thus, the Court finds that the broad arbitration language here covers the claims against Autobahn and Sonic. *See Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 721 (9th Cir. 1999) ("arising in connection" language in arbitration clause should be interpreted broadly).

The motion to stay the litigation is **GRANTED** as to the claims of plaintiffs Harold Fethe, Celso Frazao, Sohrab Rahimzadeh, Kalkhusan Sareen, and Artur Semichev against defendants

2

Autobahn and Sonic.[2]

However, the Court does not find good cause to exercise its discretion in favor of staying the claims of the remaining plaintiffs. Sonic and Autobahn's argument that other plaintiffs or class representatives are also likely to have entered into agreements with applicable arbitration clauses is without evidentiary support, and not a basis for staying their claims. Delaying resolution of the individual claims has the potential to prejudice the remaining plaintiffs and putative class members. The resolution of the individual claims in arbitration will have little to no bearing on the resolution of the claims herein. The mere potential for inconsistent results as between the arbitral forum and the litigation, standing alone, does not establish a sufficient basis for staying the claims in litigation. *See Congdon v. Uber Techs., Inc.*, 226 F. Supp. 3d 983, 991 (N.D. Cal. 2016) (*citing Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 20 (1983)).

### B. Motions to Dismiss by Autobahn, Sonic, and MBUSA

After the pending motions to dismiss were briefed fully, plaintiffs sought leave to file a Third Amended Complaint ("TAC"). While the Court agrees that the motion for leave to amend should have been brought in a more timely manner, and should have been made in compliance with the deadlines set by the Court in its case management order, the Court's reading of the proposed TAC indicates that plaintiffs can amend their pleading to resolve a number of the issues raised in the pending motions to dismiss. For instance, while the allegations of the SAC did not cure the statute of limitations deficiency identified by the Court in its prior order, the proposed TAC adds allegations that might support a different basis for avoiding dismissal on timeliness grounds, equitable estoppel. In addition, the proposed TAC eliminates certain claims or restructures the claims in ways that appear to eliminate some of the bases upon which defendants moved to dismiss.

However, the Court still views the proposed TAC as failing to cure certain pleading

---

[2] Because the claims of Harold Fethe are compelled to arbitration and stayed, and Fethe was identified in the SAC as the class representative for the Certified Pre-Owned Vehicles class, plaintiffs are directed to amend their proposed TAC accordingly.

3

deficiencies identified in its prior order. Defendants have moved to dismiss the claim for fraud based upon misrepresentations of the superiority or longevity of genuine Mercedes-Benz parts as compared to non-genuine parts. The Court previously dismissed the claim for failure to allege reliance and resulting injury sufficiently. (July 21, 2017 Order, Dkt. No. 64, at 12-13.) The SAC's attempt to cure this deficiency by alleging that "some but not all" plaintiffs relied on the representations, without alleging the facts about whether *any* plaintiff saw the advertising making such representations, only served to add to the insufficiency of the pleading. The proposed TAC does not repeat this language, but also does not allege that plaintiffs viewed, found material, and relied upon the alleged advertising (or which plaintiffs did so). The Ninth Circuit has required such allegations in the context of alleged false representations in advertising in order to state the claim. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009); *see also Ehret v. Uber Techs., Inc.*, 68 F. Supp. 3d 1121, 1128 (N.D. Cal. 2014) (citing *Kearns* for the proposition that Rule 9(b) "encompasses the circumstances surrounding reliance"). Having failed to allege those facts sufficiently in the SAC or in the proposed TAC, the Court **GRANTS** the motion to dismiss claim four of the SAC, and directs plaintiffs to amend those allegations before filing a third amended complaint.

On the other hand, the Court finds that new grounds for dismissal of certain claims, raised by Autobahn and Sonic, are without merit. These defendants seek to dismiss two claims based upon the claim preclusive effect of the Court's ruling declining supplemental jurisdiction over state claims in *Ferrari v. Mercedes Benz USA, LLC*, Case No. 4:15-cv-04379-YGR. The doctrine of claim preclusion "prohibits successive litigation of the very same claim by the same parties." *Whole Woman's Health v. Hellerstedt*, ___ U.S. ___, 136 S. Ct. 2292, 2305, *as revised* (June 27, 2016) (internal quotation omitted). To establish a basis for claim preclusion, defendants must show: "(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). The Court's dismissal of the state law claims in the prior action was not a final judgment on the merits, but a dismissal without prejudice that allowed plaintiffs to refile in state court. Plaintiffs did so and added additional claims. It is these additional claims that defendants attack. The new claims rely

on some of the same conduct alleged in connection with both the state and federal law claims in the prior action, but they are not simply an artful repleading of the federal claims that were dismissed on their merits. *Cf. Salveson v. W. States Bankcard Ass'n*, 525 F. Supp. 566, 582-83 (N.D. Cal. 1981), *aff'd in part, rev'd in part,* 731 F.2d 1423 (9th Cir. 1984) (holding that, where a federal "court would not entertain the cause [under supplemental jurisdiction,] . . . plaintiffs cannot be denied the opportunity to litigate that claim now"); *cf. Redwood Theatres, Inc. v. Festival Enterprises, Inc.*, 908 F.2d 477, 480 (9th Cir. 1990) (stating that *Salveson* held that res judicata applies to a state law claim that "is found . . . to be an artfully pleaded federal claim which was previously before a federal court and dismissed"); *see also Ultramar Am. Ltd. v. Dwelle*, 900 F.2d 1412, 1415 (9th Cir. 1990) (*Salveson* provides a basis for invoking the artful pleading doctrine to dismiss newly alleged state law claims that are "essentially the same" as previously dismissed federal claims). The Court finds no basis for dismissal based on claim preclusion, and these new claims may properly be alleged in a third amended complaint.

Plaintiffs are directed to revise their proposed TAC to address the reliance and resulting injury elements in connection with their fraud and misrepresentation claims concerning false representations of longevity or superiority. Further, because the claims of plaintiff Harold Fethe are compelled to arbitration and stayed, and Fethe was identified in the SAC as the sole class representative for the alleged Certified Pre-Owned Vehicles class, plaintiffs are directed to amend their proposed TAC accordingly.

Plaintiffs shall file their revised third amended complaint no later than **February 6, 2018**.

Defendants shall file their response to the third amended complaint no later than **February 27, 2018**.

**IT IS SO ORDERED.**

Dated: January 18, 2018

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**