# **EXHIBIT E**

Herman Franck, Esq. (SB #123476)
Elizabeth Betowski, Esq. (SB #245772)
FRANCK & ASSOCIATES
910 Florin Road, Suite 212
Sacramento, CA 95831
Tel. (916) 447-8400;
Fax (916) 447-0720

Janet Varnell, Esq.
Brian Warwick, Esq.
Varnell & Warwick, P.A.
Complex Consumer Litigation
P.O. Box 1870
Lady Lake, FL 32158
Telephone: 352-753-8600;
Fax: 352-504-3301
bwarwick@varnellandwarwick.com
ivarnellavarnellandwarwiek.com

*Attorneys for Plaintiffs*
Steve Ferrari, Mike Keynejad, et al.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE FERRARI, et al.,<br><br>  Plaintiffs,<br>  v.<br><br>AUTOBAHN, INC. DBA AUTOBAHN MOTORS; MERCEDES-BENZ USA, LLC; AND SONIC AUTOMOTIVE, INC.<br><br>  Defendants. | Case No. 4:17-CV-00018-YGR<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**<br><br>Date: July 10, 2018<br>Time: 2:00 p.m.<br>Judge: Hon. Yvonne Gonzalez Rogers<br>Courtroom: 1 – 4th Floor |

This matter came before the Court on Plaintiffs' Motion for Preliminary Approval of Class Settlement and Certification of Settlement Class. The Parties have entered into a Settlement Agreement (the "Settlement") which has been filed with the Court and is attached hereto as **Exhibit A**. If approved, the Settlement would resolve all claims in the above-captioned class action lawsuit (the "Action" or the "Class Action Lawsuit") against Defendants Sonic Automotive, Inc. and Autobahn, Inc. (collectively the "Autobahn Defendants") and some but not all of the claims against Defendant Mercedes-Benz USA. Upon review and consideration of the motion papers and the Settlement and all exhibits thereto, including the proposed forms of notice to the Class and the proposed Claim Form, the Court finds that there is sufficient basis for: (1) granting preliminary approval of the Settlement; (2) provisionally certifying the Class for settlement purposes only; (3) appointing Class Counsel and the Class Representative Plaintiffs to represent the Class; (4) approving the Parties' proposed notice program and forms of notice substantially similar to those forms attached to the Plaintiffs' Motion for Preliminary Approval and directing that notice be disseminated to the Class pursuant to the notice program provided in the Settlement; (5) approving the Parties' proposed Claim Form and approving the procedures set forth in the Settlement for Class Members to exclude themselves from the Class, and object to the Settlement; (6) authorizing the Parties to select a Settlement Administrator to conduct the duties assigned to that position in the Settlement; and (7) setting a hearing (the "Fairness Hearing") at which the Court will consider: (a) whether to grant Final Approval of the Settlement; (b) Class Counsel's Application for Attorneys' Fees and Costs; and (c) any Request for service awards for the Class Representative Plaintiffs.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Settlement Agreement.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d), and has personal jurisdiction over the Parties. Venue is proper in this District.

3. This Action is provisionally certified as a class action for the purposes of settlement only pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(3), and 23(e). The Settlement

Class is defined as follows:

> All consumers who during the period January 1, 2005 through February 28, 2018 received service from Autobahn, together with all consumers who purchased a CPO automobile from Autobahn during the period January 1, 2007 through December 31, 2012, as reflected in the business records of Autobahn, Inc.

The Settlement Class is divided into sub-Classes 1A, 1B, 2, 3A, and 3B, which are defined in the Settlement Agreement. Excluded from the Class are: (a) any persons who are employees, directors, officers, and agents of the Autobahn Defendants or their subsidiaries and affiliated companies; (b) any persons who timely and properly exclude themselves from the Settlement; and (c) the Court, the Court's immediate family, and Court staff.

4. Certification of the Settlement Class shall be solely for settlement purposes and without prejudice to the Parties in the event the Settlement is not finally approved by this Court or otherwise does not take effect.

5. In support of this Preliminary Approval Order, the Court conditionally and preliminarily finds, for settlement purposes only, that: (a) the members of the Settlement Class are so numerous that joinder of all members of the Settlement Class ("Class Members") is impracticable; (b) there are questions of law and fact common to the Class Members, each of whom could have asserted the types of claims raised in the Action, and these questions predominate over any questions affecting individual Class Members; (c) the named Class Representatives' claims are typical of the claims of the Class Members; (d) the named Class Representatives and Class Counsel identified below are able to adequately represent the Class Members; and (e) class-wide treatment of the disputes raised in the Action is superior to other available methods for adjudicating the controversy.

6. The Court preliminarily approves the proposed Settlement as fair, reasonable, and adequate, entered into in good faith, free of collusion, and within the range of possible judicial approval. The Court makes note of the Parties' representation that the Settlement was reached through extensive arms-length negotiations supervised by mediator and retired Judge Raul Ramirez.

7. The Court appoints the following as Class Counsel: Varnell & Warwick, P.A. and Franck & Associates.

8. The Court appoints Plaintiffs Steve Ferrari, Michael Keynejad, Patricia Rubin, John Diaz, Ray Gapasin, and Harold Fethe as Class Representatives for the Settlement Class.

9. The Court directs the parties to select a Settlement Administrator to carry out all duties and responsibilities of the Settlement Administrator specified in the Settlement.

10. The Court approves the program for disseminating notice to the Class set forth in the Settlement (the "Notice Program"). The Court approves the form and content of the proposed forms of notice in the forms attached to the **Motion for Preliminary Approval as Exhibits B and C**. The Court finds that the proposed forms of notice are clear and readily understandable by Class Members. The Court finds that the Notice Program, including the proposed forms of notice, constitutes the best notice practicable under the circumstances, constitutes valid, due, and sufficient notice to the Class in full compliance with the requirements of applicable law, including Federal Rule of Civil Procedure 23 and the Due Process Clause of the United States Constitution, and is the only notice to the Class of the Settlement that is required.

11. The Court approves the form and content of the proposed Claim Form, in the form attached to the **Motion for Preliminary Approval as Exhibit D**, and approves the procedures set forth in the Settlement for Class Members to submit Claims. The Court further approves of the procedures set forth in the Settlement for Class Members to receive vouchers, redeem vouchers, and receive redemption checks.

12. The Parties acknowledge that the Autobahn Defendants have prepared a list of Class Members that is reasonably calculated to include the email addresses and physical addresses of all the Class Members known by the Autobahn Defendants, for the Settlement Administrator's use in disseminating notice, vouchers, claim forms, and redemption checks. The list of Class Members, and the information provided therein, shall be used only to effectuate the Agreement.

13. The "Notice Date" shall be **30 days after issuance of this Order**.

14. By no later than the Notice Date, the Settlement Administrator shall send the Short Form Class Notice in the form approved by the Court, to Class Members via email for those Class

Members for whom an email address is available, along with a link to the Settlement Website. Where a Class Member's email address is unknown, the Settlement Administrator shall send the Short Form Class Notice in the form of a postcard to the class member's last known address.

15. By no later than the Notice Date, the Settlement Administrator shall post the Long Form Class Notice, in the form approved by the Court, on the Settlement Website.

16. The Settlement Administrator shall establish and use a Settlement Website to allow Class Members to find further information about the terms of the Settlement, their rights, important dates and deadlines, and related information. The Settlement Website shall include, in PDF format, the operative complaint, the Settlement Agreement, the Motion for Preliminary Approval, the Preliminary Approval Order, the Long Form Class Notice, any papers filed in support of Final Approval of the Settlement, Class Counsel's Application for Attorneys' Fees and Costs (after it is filed), the Final Approval Order (after it is entered), and other case documents as agreed upon by the Parties and/or required by the Court and shall be operational and live on the date the Settlement Administrator begins emailing notice. The Settlement Administrator shall take down the Settlement Website no later than one hundred and eighty (180) days after the Effective Date. Within five (5) business days after the Settlement Website is taken down, the Settlement Administrator shall transfer ownership of the URL for the Settlement Website to the Autobahn Defendants.

17. The Settlement Administrator shall establish and maintain a toll-free telephone number ("Toll-Free Number") where Class Members can call to request a copy of the Settlement Agreement, a Claim Form, or any other information concerning the Settlement or the Settlement Agreement.

18. Any Class Member who wishes to be excluded from the Class must mail a written request for exclusion to the Settlement Administrator, postmarked no later than the **Opt-Out Deadline: September 8, 2018** which: (a) must contain the name and address of the person to be excluded; (b) if applicable, must contain the name and address of any person claiming to be legally entitled to submit an exclusion request on behalf of the Class Member and the basis for such legal entitlement; (c) must be mailed by U.S. Mail, proper postage prepaid, to the Settlement

1  Administrator at the specified mailing address; (d) must be submitted or postmarked on or before
2  the Opt-out Deadline; and (e) must be personally signed and clearly indicate that he/she wants to
3  be excluded from the Class. So-called "mass" or "class" opt-outs shall not be allowed.

4        19. If the Settlement is finally approved and becomes effective, any Class Member who
5  does not send a timely and valid request for exclusion shall be a Settlement Class Member and
6  shall be bound by all subsequent proceedings, orders, and judgments in the Action, including, but
7  not limited to, the Release, even if he or she has litigation pending or subsequently initiates
8  litigation against the Autobahn Defendants relating to the claims and transactions released in the
9  Action.

10        20. Any Class Member or person legally entitled to act on his or her behalf may object to
11  the fairness, reasonableness, or adequacy of the Settlement, to Class Counsel's Request for
12  Attorneys' Fees and Costs ("Fee Application"), and/or the Request for service awards for the
13  Plaintiffs. To be valid, any objection must be made in writing, must be filed with the Court and
14  served upon Class Counsel and counsel for the Autobahn Defendants no later than the **Objection**
15  **Deadline: September 8, 2018,** and must include the following: (a) the name of the Action
16  (*Ferrari v. Autobahn, Inc.*, No. 17-CV-0018-YGR); (b) the objector's full name, address, and
17  telephone number; (c) if applicable, the name and address of any person claiming to be legally
18  entitled to object on behalf of a Class Member and the basis of such legal entitlement; (d) whether
19  the objector is represented by counsel and, if so, the identity of such counsel, and all previous
20  objections filed by the objector and their counsel within the last two years; (e) a notice of intent to
21  appear at the Final Fairness Hearing if the objector intends to so appear; (f) a statement of all
22  objection(s) being asserted; (g) a description of the facts and legal authorities underlying each
23  objection; (h) a list of any witnesses who may be called to testify at the Final Fairness Hearing,
24  whether in person, by deposition, or affidavit; (i) a list of any exhibits, and copies of same, which
25  the objector may offer at the Final Fairness Hearing; and (j) the objector's signature.

26        21. Any Class Member who submits a timely and valid written objection may appear at
27  the Fairness Hearing, either in person or through personal counsel hired at the Class Member's
28  own personal expense. Any Class Member who does not submit a timely and valid objection shall

1  be deemed to have waived all objections and shall forever be foreclosed from making any
2  objection to the fairness, adequacy, or reasonableness of the Settlement and any Final Approval
3  Order and Final Judgment entered approving it, Class Counsel's Fee Application, or any Request
4  for service awards for the Plaintiffs.

5       22. Upon request, the Settlement Administrator shall provide to the Parties proof of the
6  extent and effectiveness of Class Notice.

7       23. Upon the request, the Settlement Administrator shall provide to Class Counsel and the
8  Autobahn Defendant's Counsel all exclusion requests submitted by Class Members, including
9  any related correspondence. After the Opt-Out Deadline has passed, the Settlement Administrator
10 shall provide to Class Counsel and Autobahn Defendant's Counsel a complete and final list of
11 Class Members who submitted requests to exclude themselves from the Class.

12      24. Class Counsel shall file their Motion for Attorneys' Fees and Service Awards for the
13 Plaintiffs by no later than **August 30, 2018**. After it is filed, Class Counsel's Motion for
14 Attorneys' Fees and service awards for the Plaintiffs shall be posted on the Settlement Website.

15      25. The Parties shall file any motions in support of Final Approval of the Settlement,
16 including any responses to any Class Member objections, by no later than **September 28, 2018**.

17      26. The Fairness Hearing shall be scheduled for **October 16, 2018, at 2:00 p.m.** to assist
18 the Court in determining whether the Settlement should be finally approved as fair, reasonable,
19 and adequate to the Settlement Class Members; whether Final Judgment should be entered
20 dismissing the Autobahn Defendants and the Released Claims with prejudice; whether Class
21 Counsel's Fee Application should be approved; and whether any request for service awards for
22 the Plaintiffs should be approved.

23      27. The Court reserves the right to modify the date of the Fairness Hearing and related
24 deadlines set forth herein. In the event the Fairness Hearing is moved, the new date and time shall
25 be promptly posted on the Settlement Website by the Settlement Administrator.

26      28. This Order shall become null and void and shall be without prejudice to the rights of
27 the Parties, all of whom shall be restored to their respective positions as they existed immediately
28 before the Court entered this Order, if: (a) the Settlement is not finally approved by the Court, or

1  does not become final, pursuant to the terms of the Settlement; (b) the Settlement is terminated in
2  accordance with the Settlement; or (c) the Settlement does not become effective pursuant to the
3  terms of the Settlement for any other reason.

4        29. If the Settlement does not become final and effective pursuant to the terms of the
5  Settlement, the Class Representatives, the Class Members, and the Autobahn Defendants shall be
6  returned to their respective statuses as of the date immediately prior to the execution of the
7  Settlement Agreement, and this Preliminary Approval Order shall have no force or effect, and
8  neither this Preliminary Approval Order nor the Settlement shall be construed or used as an
9  admission, concession, or declaration by or against Autobahn Defendants of any fault,
10 wrongdoing, breach, or liability, or be construed or used as an admission, concession, or
11 declaration by or against any of the Plaintiffs or Class Members that their claims lack merit or
12 that the relief requested is inappropriate, improper, or unavailable, or as a waiver by any party of
13 any defenses or claims he, she, or it may have in this Action or in any other lawsuit, and it shall
14 not be admissible in evidence, or usable for any purpose whatsoever in the Action, any
15 proceeding between the Parties, or in any action related to the Released Claims or otherwise
16 involving the Parties, Class Members, or any Released Party.

17       30. Pending the final determination of whether the Settlement should be approved, all
18 claims against the Autobahn Defendants in this Action, except as may be necessary to implement
19 the Settlement or comply with the terms of the Settlement, are hereby stayed.

20       31. Pending the final determination of whether the Settlement should be approved,
21 Plaintiffs and each Class Member, and any person purportedly acting on behalf of any Class
22 Member(s), are hereby enjoined from commencing, pursuing, maintaining, enforcing, or
23 prosecuting, either directly or indirectly, any Released Claims in any judicial, administrative,
24 arbitral or other forum, against any of the Released Parties or Partially Released Entities,
25 provided that this injunction shall not apply to the claims of any Class Members who have timely
26 and validly requested to be excluded from the Class. Such injunction shall remain in force until
27 the Effective Date or until such time as the Parties notify the Court that the Settlement has been
28 terminated, or until such time that the Court issues an order modifying this injunction. This

1  injunction is necessary to protect and effectuate the Settlement, this Preliminary Approval Order,
2  and this Court's authority regarding the Settlement, and is ordered in aid of this Court's
3  jurisdiction and to protect its judgments.

4     32. At the request of the Parties, and to improve the efficiency of the
5  administration process, the Court orders the following modifications to the procedure
6  outlined in the Settlement Agreement to be followed by the Settlement Administrator:a.

7     Vouchers for Classes 1A/1B and 3A/3B shall be sent at the same time as Vouchers
8  for Class 2 (i.e, within three (3) weeks of the deadline for submission of Claims Forms).

9     b. For class members notified by email, the Settlement Administrator may use
10  the Long Form Notice in the body of the email rather than the Short Form Notice.

11     c. The Settlement Administrator is relieved of the requirement to make
12  periodic reports to the Parties but shall make such information available to the Parties
13  upon request. This includes information concerning exclusion requests received, vouchers
14  redeemed for cash, fee and expense reports, and other matters relating to administration of
15  the Settlement.

16     d. The Settlement Administrator should consider how the timing of
17  establishing any necessary bank accounts and issuing checks will impact administrative
18  costs, including tax filings, and attempt to minimize such costs. The Settlement
19  Administrator shall consult with counsel for the Parties and seek relief from the Court if it
20  is necessary to alter deadlines ordered by the Court in order to reasonably minimize such
21  costs.

22  33. Class Counsel, the Autobahn Defendants, and the Settlement Administrator are
23  directed to carry out their obligations under the Settlement and this Preliminary Approval Order.

24  34. Without further order of the Court, the Parties may agree to make non-material
25  modifications in implementing the Settlement Agreement that are not inconsistent with this
26  Order.

27
28

**Summary of Key Dates*:**

| Event | Date |
|---|---|
| Notice Date | August 9, 2018<br><br>[Within 30 days of preliminary approval] |
| Deadline to file Motion for Attorneys' Fees and service awards | August 30, 2018 |
| Opt-out Deadline | September 8, 2018<br><br>[Within 30 days of Notice Date] |
| Objection Deadline | September 8, 2018<br><br>[Within 30 days of Notice Date] |
| Filing of Motion for Final Approval | September 28, 2018 |
| Hearing on Motion for Final Approval and Motion for Attorneys' Fees and Service Awards | October 16, 2018 |

*Dates listed above assume preliminary approval on July 10, 2018.*

IT IS SO ORDERED.

Dated _____

YVONNE GONZALEZ ROGERS
United States District Judge