UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **STEVE FERRARI, ET AL.,**<br>  Plaintiffs**,**<br>vs.<br>**MERCEDES BENZ USA, LLC, ET AL.,**<br>  Defendants**.** | CASE NO.  17-cv-00018-YGR<br><br>**ORDER CONTINUING HEARING ON MOTION FOR PRELIMINARY APPROVAL AND CLASS CERTIFICATION; DIRECTING SUPPLEMENTAL BRIEFING**<br><br>Dkt. No. 136 |

Pending before the Court is the motion of plaintiffs For Preliminary Approval Of Class Action Settlement And Certification Of Settlement Class (Dkt. No. 136), currently set for hearing on July 10, 2018.  The Court **CONTINUES** the hearing to **July 17, 2018, at 2:00 p.m**.

Plaintiffs are directed to file supplemental briefing of no more than seven (7) pages addressed to the following questions:

1.  Is this a coupon settlement subject to the limitations set forth in the Class Action Fairness Act, 28 U.S.C. § 1712?  Based upon the Court's reading of the agreement, the proposed vouchers are: non-transferable; have a face value in all cases valued at less than the cost of a full service; limit service to defendants' facilities; and have a short expiration date relative to the usual frequency of the services covered.

Further, does the schedule for final approval need to be set such that the Court can determine the value of the actual number of vouchers redeemed before final approval?  *See In re HP Inkjet Printer Litig,* 716 F.3d 1173, 1181–82, 1186-87 (9th Cir. 2013) (reversing approval "the settlement agreement specifies that no coupons may issue until after entry of a final judgment . . . [making it] impossible for the district court to calculate the redemption value of the coupons as required by § 1712(a)").

2. Are the parties seeking certification of a nationwide class, based on their elimination of the "in the state of California" limitation as previously stated in the Third Amended Complaint, but deleted from the Fourth Amended Complaint and the Settlement Agreement?

If so, how does this settlement comport with the requirements for assuring predominance of common questions, as set forth in *In re Hyundai & Kia Fuel Econ. Litig.*, 881 F.3d 679, 691–92, 693-94 (9th Cir. 2018)?

The supplemental brief shall be filed no later than **July 3, 2018**.

**IT IS SO ORDERED**.

Dated:   June 20, 2018

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**