1
2
3
4
5
6                       UNITED STATES DISTRICT COURT

7                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

8   STEVE FERRARI, et al.,                    )   Case No.  4:17-CV-00018-YGR
                                              )
9                    Plaintiffs,              )   **ORDER GRANTING PLAINTIFFS' MOTION**
                                              )   **FOR PRELIMINARY APPROVAL OF CLASS**
10             v.                             )   **ACTION SETTLEMENT AND CERTIFICATION**
                                              )   **OF SETTLEMENT CLASS**
11  AUTOBAHN, INC. DBA AUTOBAHN               )
    MOTORS; MERCEDES-BENZ USA, LLC;           )
12  AND SONIC AUTOMOTIVE, INC.                )
                                              )
13                   Defendants.              )
                                              )
14                                            )
                                              )
15  _____  )

16          This matter came before the Court on Plaintiffs' Motion for Preliminary Approval of

17   Class Settlement and Certification of Settlement Class.  The Parties have entered into a

18   Settlement Agreement (the "Settlement") which has been filed with the Court and is attached

19   hereto as **Exhibit A**.  If approved, the Settlement would resolve all claims in the above-captioned

20   class action lawsuit (the "Action" or the "Class Action Lawsuit") against Defendants Sonic

21   Automotive, Inc. and Autobahn, Inc. (collectively the "Autobahn Defendants") and some but not

22   all of the claims against Defendant Mercedes-Benz USA.

23          Upon review and consideration of the motion papers and the Settlement and all exhibits

24   thereto, including the **revised** proposed forms of notice to the Class and the **revised** proposed

25   Claim Form, the Court finds that there is sufficient basis for: (1) granting preliminary approval of

26   the Settlement; (2) provisionally certifying the Class for settlement purposes only; (3) appointing

27
28

Class Counsel and the Class Representative Plaintiffs to represent the Class; (4) approving the Parties' **revised** proposed notice program and **revised** forms of notice substantially similar to those forms attached **hereto** and directing that notice be disseminated to the Class pursuant to the notice program provided in the Second Supplemental Brief In Support of Preliminary Approval of Pro Tanto Class Action Settlement; (5) approving the Parties' **revised** proposed Claim Form and the **revised** procedures set forth in the Second Supplemental Brief In Support of Preliminary Approval of Pro Tanto Class Action Settlement for Class Members to exclude themselves from the Class, and object to the Settlement; (6) authorizing the Parties to select a Settlement Administrator to conduct the duties assigned to that position in the Settlement; and (7) setting a hearing (the "Fairness Hearing") at which the Court will consider: (a) whether to grant Final Approval of the Settlement; (b) Class Counsel's Application for Attorneys' Fees and Costs; and (c) any Request for service awards for the Class Representative Plaintiffs.

The Court notes that parties will not select the Settlement Administrator originally identified in the Settlement Agreement.

Based upon the foregoing, **IT IS HEREBY ORDERED THAT**:

1. Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Settlement Agreement.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d), and has personal jurisdiction over the Parties.  Venue is proper in this District.

3. This Action is provisionally certified as a class action for the purposes of settlement only pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(3), and 23(e).  The Settlement Class is defined as follows:

> All consumers who during the period January 1, 2005 through February 28, 2018 received service from Autobahn, together with all consumers who purchased a CPO automobile from Autobahn during the period January 1, 2007 through December 31, 2012, as reflected in the business records of Autobahn, Inc.

The Settlement Class is divided into sub-Classes 1A, 1B, 2, 3A, and 3B, which are defined in the Settlement Agreement.   Excluded from the Class are: (a) any persons who are employees,

directors, officers, and agents of the Autobahn Defendants or their subsidiaries and affiliated companies; (b) any persons who timely and properly exclude themselves from the Settlement; and (c) the Court, the Court's immediate family, and Court staff.

4.   Certification of the Settlement Class shall be solely for settlement purposes and without prejudice to the Parties in the event the Settlement is not finally approved by this Court or otherwise does not take effect.

5. In support of this Preliminary Approval Order, the Court conditionally and preliminarily finds, for settlement purposes only, that: (a) the members of the Settlement Class are so numerous that joinder of all members of the Settlement Class ("Class Members") is impracticable; (b) there are questions of law and fact common to the Class Members, each of whom could have asserted the types of claims raised in the Action, and these questions predominate over any questions affecting individual Class Members; (c) the named Class Representatives' claims are typical of the claims of the Class Members; (d) the named Class Representatives and Class Counsel identified below are able to adequately represent the Class Members; and (e) class-wide treatment of the disputes raised in the Action is superior to other available methods for adjudicating the controversy.

6. The Court preliminarily approves the proposed Settlement as fair, reasonable, and adequate, entered into in good faith, free of collusion, and within the range of possible judicial approval.  The Court makes note of the Parties' representation that the Settlement was reached through extensive arms-length negotiations supervised by mediator and retired Judge Raul Ramirez.

7.   The Court appoints the following as Class Counsel: Varnell & Warwick, P.A. and Franck & Associates.

8. The Court appoints Plaintiffs Steve Ferrari, Michael Keynejad, Patricia Rubin, John Diaz, Ray Gapasin, and Harold Fethe as Class Representatives for the Settlement Class.

9. The Court directs the parties to select a Settlement Administrator to carry out all duties and responsibilities of the Settlement Administrator specified in the Settlement.

10. The Court approves the program for disseminating notice to the Class set forth in the

Settlement, as revised by the Second Supplemental Brief In Support of Preliminary Approval of Pro Tanto Class Action Settlement for Class Members (the "Notice Program").  The Court approves the form and content of the proposed forms of notice **in the forms attached hereto as Exhibits B and C.**  The Court finds that the proposed forms of notice are clear and readily understandable by Class Members.  The Court finds that the Notice Program, including the proposed forms of notice, constitutes the best notice practicable under the circumstances, constitutes valid, due, and sufficient notice to the Class in full compliance with the requirements of applicable law, including Federal Rule of Civil Procedure 23 and the Due Process Clause of the United States Constitution, and is the only notice to the Class of the Settlement that is required.

The Court further notes that it has corrected an error in the case number identified in paragraph 6(a)(i) of the proposed long form notice.  **Plaintiffs are Ordered to add a table of contents to the beginning of the long form notice (Exhibit C) for ease of reference.**

11. The Court approves the form and content of the proposed Claim Form, **in the form attached hereto as Exhibit D** and approves the procedures set forth in the Second Supplemental Brief In Support of Preliminary Approval of Pro Tanto Class Action Settlement for Class Members to submit Claims.  The Court further approves of the procedures set forth in the Second Supplemental Brief In Support of Preliminary Approval of Pro Tanto Class Action Settlement for Class Members to receive vouchers, elect to receive cash value in lieu of vouchers, and receive redemption checks.

12. The Parties acknowledge that the Autobahn Defendants have prepared a list of Class Members that is reasonably calculated to include the email addresses and physical addresses of all the Class Members known by the Autobahn Defendants, for the Settlement Administrator's use in disseminating notice, vouchers, claim forms, and redemption checks.  The list of Class Members, and the information provided therein, shall be used only to effectuate the Agreement.

13. The "Notice Date" shall be **30 days after issuance of this Order**.

14. By no later than the Notice Date, the Settlement Administrator shall send the Short Form Class Notice in the form approved by the Court, to Class Members via email for those Class

Members for whom an email address is available, along with a link to the Settlement Website. Where a Class Member's email address is unknown, the Settlement Administrator shall send the Short Form Class Notice in the form of a postcard to the class member's last known address.

15. By no later than the Notice Date, the Settlement Administrator shall post the Long Form Class Notice, in substantially the same form approved by the Court, on the Settlement Website.  The Settlement Administrator shall also implement on the website an electronic means for Class Members to file a Class 2 Claim, which shall be in substantially similar form to the approved Claim Form (**Exhibit D hereto**), and to elect to receive a check in lieu of a voucher.

16.  The Settlement Administrator shall establish and use a Settlement Website to allow Class Members to find further information about the terms of the Settlement, their rights, important dates and deadlines, and related information.  The Settlement Website shall include, in PDF format, the operative complaint, the Settlement Agreement, the Motion for Preliminary Approval, the Preliminary Approval Order, the Long Form Class Notice, any papers filed in support of Final Approval of the Settlement, Class Counsel's Application for Attorneys' Fees and Costs (after it is filed), the Final Approval Order (after it is entered), and other case documents as agreed upon by the Parties and/or required by the Court and shall be operational and live on the date the Settlement Administrator begins emailing notice.  The Settlement Administrator shall take down the Settlement Website no later than one hundred and eighty (180) days after the Effective Date. Within five (5) business days after the Settlement Website is taken down, the Settlement Administrator shall transfer ownership of the URL for the Settlement Website to the Autobahn Defendants.

17. The Settlement Administrator shall establish and maintain a toll-free telephone number ("Toll-Free Number") where Class Members can call to request a copy of the Settlement Agreement, a Claim Form, or any other information concerning the Settlement or the Settlement Agreement.

18. Any Class Member who wishes to be excluded from the Class must mail a written request for exclusion to the Settlement Administrator, postmarked no later than the **Opt-Out Deadline: October 31, 2018,** which: (a) must contain the name and address of the person to be

excluded; (b) if applicable, must contain the name and address of any person claiming to be legally entitled to submit an exclusion request on behalf of the Class Member and the basis for such legal entitlement; (c) must be mailed by U.S. Mail, proper postage prepaid, to the Settlement Administrator at the specified mailing address; (d) must be submitted or postmarked on or before the Opt-Out Deadline; and (e) must be personally signed and clearly indicate that he/she wants to be excluded from the Class.  So-called "mass" or "class" opt-outs shall not be allowed.

19. If the Settlement is finally approved and becomes effective, any Class Member who does not send a timely and valid request for exclusion shall be a Settlement Class Member and shall be bound by all subsequent proceedings, orders, and judgments in the Action, including, but not limited to, the Release, even if he or she has litigation pending or subsequently initiates litigation against the Autobahn Defendants relating to the claims and transactions released in the Action.  The Court notes that the provisions of Paragraphs 36 and 37 of the Settlement Agreement are addressed to civil claims released by the "Releasing Parties," and these Paragraphs do not pertain to regulatory actions brought by law enforcement agencies, regulatory, or other governmental actors that are not released under the Agreement.

20.  Any Class Member or person legally entitled to act on his or her behalf may object to the fairness, reasonableness, or adequacy of the Settlement, to Class Counsel's Request for Attorneys' Fees and Costs ("Fee Application"), and/or the Request for service awards for the Plaintiffs.  To be valid, any objection must be made in writing, must be filed with the Court and served upon Class Counsel and counsel for the Autobahn Defendants no later than the **Objection Deadline: October 31, 2018,** and must include the following: (a) the name of the Action (*Ferrari v. Autobahn, Inc*., No. 17-CV-0018-YGR); (b) the objector's full name, address, and telephone number; (c) if applicable, the name and address of any person claiming to be legally entitled to object on behalf of a Class Member and the basis of such legal entitlement; (d) whether the objector is represented by counsel and, if so, the identity of such counsel, and all previous objections filed by the objector and their counsel within the last two years; (e) a notice of intent to appear at the Final Fairness Hearing if the objector intends to so appear; (f) a statement of all objection(s) being asserted; (g) a description of the facts and legal authorities underlying each

objection; (h) a list of any witnesses who may be called to testify at the Final Fairness Hearing, whether in person, by deposition, or affidavit; (i) a list of any exhibits, and copies of same, which the objector may offer at the Final Fairness Hearing; and (j) the objector's signature.

21. Any Class Member who submits a timely and valid written objection may appear at the Fairness Hearing, either in person or through personal counsel hired at the Class Member's own personal expense.  Any Class Member who does not submit a timely and valid objection shall be deemed to have waived all objections and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the Settlement and any Final Approval Order and Final Judgment entered approving it, Class Counsel's Fee Application, or any Request for service awards for the Plaintiffs.

22. Upon request, the Settlement Administrator shall provide to the Parties proof of the extent and effectiveness of Class Notice.

23. Upon the request, the Settlement Administrator shall provide to Class Counsel and the Autobahn Defendant's Counsel all exclusion requests submitted by Class Members, including any related correspondence. After the Opt-Out Deadline has passed, the Settlement Administrator shall provide to Class Counsel and Autobahn Defendant's Counsel a complete and final list of Class Members who submitted requests to exclude themselves from the Class.

24. Class Counsel shall file their Motion for Attorneys' Fees and Service Awards for the Plaintiffs by no later than **September 27, 2018**.  After it is filed, Class Counsel's Motion for Attorneys' Fees and Service Awards for the Plaintiffs shall be posted on the Settlement Website.

25. The Parties shall file any motions in support of Final Approval of the Settlement, including any responses to any Class Member objections, by no later than **December 11, 2018**.

26. The Fairness Hearing shall be scheduled for **Tuesday, January 15, 2019, at 2:00 p.m.** to assist the Court in determining whether the Settlement should be finally approved as fair, reasonable, and adequate to the Settlement Class Members; whether Final Judgment should be entered dismissing the Autobahn Defendants and the Released Claims with prejudice; whether Class Counsel's Fee Application should be approved; and whether any request for service awards for the Plaintiffs should be approved.

27. The Court reserves the right to modify the date of the Fairness Hearing and related deadlines set forth herein.  In the event the Fairness Hearing is moved, the new date and time shall be promptly posted on the Settlement Website by the Settlement Administrator.

28. This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions as they existed immediately before the Court entered this Order, if: (a) the Settlement is not finally approved by the Court, or does not become final, pursuant to the terms of the Settlement; (b) the Settlement is terminated in accordance with the Settlement; or (c) the Settlement does not become effective pursuant to the terms of the Settlement for any other reason.

29. If the Settlement does not become final and effective pursuant to the terms of the Settlement, the Class Representatives, the Class Members, and the Autobahn Defendants shall be returned to their respective statuses as of the date immediately prior to the execution of the Settlement Agreement, and this Preliminary Approval Order shall have no force or effect, and neither this Preliminary Approval Order nor the Settlement shall be construed or used as an admission, concession, or declaration by or against Autobahn Defendants of any fault, wrongdoing, breach, or liability, or be construed or used as an admission, concession, or declaration by or against any of the Plaintiffs or Class Members that their claims lack merit or that the relief requested is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or claims he, she, or it may have in this Action or in any other lawsuit, and it shall not be admissible in evidence, or usable for any purpose whatsoever in the Action, any proceeding between the Parties, or in any action related to the Released Claims or otherwise involving the Parties, Class Members, or any Released Party.

30. Pending the final determination of whether the Settlement should be approved, all claims against the Autobahn Defendants in this Action, except as may be necessary to implement the Settlement or comply with the terms of the Settlement, are hereby stayed.

31. Pending the final determination of whether the Settlement should be approved, Plaintiffs and each Class Member, and any person purportedly acting on behalf of any Class Member(s), are hereby enjoined from commencing, pursuing, maintaining, enforcing, or

prosecuting, either directly or indirectly, any Released Claims in any judicial, administrative, arbitral or other forum, against any of the Released Parties or Partially Released Entities, provided that this injunction shall not apply to the claims of any Class Members who have timely and validly requested to be excluded from the Class. Such injunction shall remain in force until the Effective Date or until such time as the Parties notify the Court that the Settlement has been terminated, or until such time that the Court issues an order modifying this injunction. This injunction is necessary to protect and effectuate the Settlement, this Preliminary Approval Order, and this Court's authority regarding the Settlement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

32. At the request of the Parties, and to improve the efficiency of the administration process, the Court orders the following modifications to the procedure outlined in the Settlement Agreement to be followed by the Settlement Administrator:

a.    The electronic means by which Class Members may elect to receive a check and make a claim for Class 2 shall be available to Class Members no later than the **Notice Date**, and the deadline for Class Members to make such election and/or claim shall be **November 13, 2018.**

b.    Each Class Member shall receive a single Voucher or check for the total amount to which he or she is entitled. Vouchers or checks shall be provided **within 30 days of the Effective Date**.

c.    The Settlement Administrator is relieved of the requirement to make periodic reports to the Parties but shall make such information available to the Parties upon request. This includes information concerning exclusion requests received, vouchers redeemed for cash, fee and expense reports, and other matters relating to administration of the Settlement.

d.    The Settlement Administrator should consider how the timing of establishing any necessary bank accounts and issuing checks will impact administrative costs, including tax filings, and attempt to minimize such costs. The Settlement Administrator shall consult with counsel for the Parties and seek relief from the Court if it

is necessary to alter deadlines ordered by the Court in order to reasonably minimize such costs.

33. Class Counsel, the Autobahn Defendants, and the Settlement Administrator are directed to carry out their obligations under the Settlement and this Preliminary Approval Order.

34. Without further order of the Court, the Parties may agree to make non-material modifications in implementing the Settlement Agreement that are not inconsistent with this Order.

| SUMMARY OF KEY DATES | |
|---|---|
| **Event** | **Date** |
| Notice Date | September 27, 2018 |
| Deadline to file Motion for Attorneys' Fees and service awards | September 27, 2018 |
| Opt-Out Deadline | October 31, 2018 |
| Objection Deadline | October 31, 2018 |
| Deadline for Class 2 Claims | November 13, 2018 |
| Deadline to Elect To Receive Check | November 13, 2018 |
| Filing of Motion for Final Approval | December 11, 2018 |
| Hearing on Motion for Final Approval and Motion for Attorneys' Fees and Service Awards | **Tuesday, January 15, 2019,** at 2:00 p.m. |

This terminates Docket Nos. 136 and 156.

**IT IS SO ORDERED.**

Dated ___August 28, 2018___

YVONNE GONZALEZ ROGERS
United States District Judge

Order Granting Preliminary Approval
*Ferrari v. Autobahn*, 17-cv-18-YGR

# **EXHIBIT A**

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement (the "Settlement Agreement" or "Agreement") is entered into by and among plaintiffs Steve Ferrari, Michael Keynejad, Patricia Rubin, John Diaz, Ray Gapasin, and Harold Fethe (collectively, "Class Representatives" or "Named Plaintiffs"), on behalf of themselves and the Settlement Class (defined below) that they represent, Autobahn, Inc. ("Autobahn"), Sonic Automotive, Inc. ("Sonic") (collectively Autobahn and Sonic are the "Autobahn Defendants").  Mercedes-Benz USA, LLC ("MBUSA") is a third-party beneficiary of the Release as set forth below for some of the claims being resolved herein.  Other claims against MBUSA will continue.  The Named Plaintiffs together with the absent class members are referred to herein as the "Plaintiffs."

## CONTENTS

RECITALS .......................................................................................................... 2
THE SETTLEMENT CLASS AND ADMINISTRATION ........................................ 5
THE PRELIMINARY APPROVAL ORDER ...................................................... 9
NOTICE, AND OPT OUT PROCEDURES ......................................................... 11
FINAL FAIRNESS HEARING AND FINAL JUDGMENT AND ORDER .............................. 13
SETTLEMENT CLASS BENEFITS ................................................................. 15
ATTORNEY FEES AND COSTS .................................................................... 17
PAYMENT AND DISTRIBUTION .................................................................. 18
THE RELEASE AND COVENANT NOT TO SUE ............................................... 21
NO ADMISSION OF LIABILITY OR WAIVER OF DEFENSES ............................. 25
PUBLIC COMMENT AND NON-DISPARAGEMENT ......................................... 26
CHOICE OF LAW .................................................................................... 26
MISCELLANEOUS PROVISIONS ................................................................. 27

# RECITALS

WHEREAS, the issues underlying the Action have been the subject of extensive discovery over a period of more than four years between the Autobahn Defendants and various Named Plaintiffs in the related cases of *Maskay, Inc. v. Autobahn, Inc*., San Mateo Superior Court Action No. 525559 (the "First Related Case"), and *Autobahn, Inc. v. Mas.Kay Corporation*, San Mateo Superior Court Action No. 535413 (the "Second Related Case");

WHEREAS, on or about September 24, 2015, certain Named Plaintiffs filed a putative class action lawsuit styled *Steve Ferrari et al. v. Autobahn, Inc., et al.*, Case No. 4:15-cv-04379-YGR in the United States District Court for the Northern District of California, seeking recovery under the federal civil RICO statute and various state law theories (the "Original Action");

WHEREAS, on or about December 12, 2016, the United States District Court for the Northern District of California dismissed the federal claims in the Original Action with prejudice and dismissed the state claims without prejudice;

WHEREAS, on or about December 20, 2016 a putative class action lawsuit styled *Steve Ferrari et al. v. Autobahn, Inc., et al.*, Case No. 16CIV02954, was filed in the Superior Court for the County of San Mateo, California ("*Ferrari*" or the "Action"), asserting state claims based upon the same operative facts alleged in the Original Action;

WHEREAS the Action was removed to the United States District Court for the Northern District of California (the "Court") and designated Case No. 4:17-cv-0018-YGR;

WHEREAS Plaintiffs have asserted causes of action against the Autobahn Defendants based on alleged state common law and statutory violations, including breach of contract, violation of California Civil Code Section 1770, violation of California Business & Professions Code Sections 17200 and 17500, trespass to chattel, negligence, unjust enrichment, fraud, and negligent misrepresentation arising from the alleged sale of non-genuine parts and/or fluids in connection

with the servicing of automobiles and/or reconditioning of automobiles to be sold as Certified Pre-Owned ("CPO") automobiles (collectively "Plaintiffs' Claims");

WHEREAS, the First Related Case was tried to a jury in state court in September 2017, and the Second Related Case was set for trial beginning in February 2018, but was stayed to allow for settlement negotiations;

WHEREAS, Named Plaintiffs and the Autobahn Defendants engaged in extensive arm's length negotiations during the period November 2017 through March 2018, with the assistance and supervision of mediator and retired Judge, Raul Ramirez, whose long and unique judicial experience includes service as a judge in both state and federal courts in California;

WHEREAS, with the assistance of Judge Ramirez, the negotiations of the Action were kept separate from the successful negotiations to resolve the related cases;

WHEREAS, without admitting liability, in resolving the related cases, Autobahn agreed to dismiss its appeal in the First Related Case and pay the judgment and approved costs; and the parties in the Second Related Case agreed to resolve the matter with no money changing hands;

WHEREAS, the terms upon which the parties have agreed to resolve the Action are not contingent upon any terms of the settlement of the related cases;

WHEREAS, the Autobahn Defendants deny that they have engaged in any wrongdoing, do not admit or concede any actual or potential fault, wrongdoing, or liability in connection with any facts or claims alleged in the Action, and deny that they have any liability whatsoever, but have agreed to this Settlement Agreement because of the substantial expense of litigating this matter, the length of time necessary to resolve the issues presented, the inconvenience involved, and the disruption to their business operations;

WHEREAS, after conducting years of discovery, included in the related cases, from the Autobahn Defendants, Mercedes-Benz USA, and third parties that enabled them to fully

investigate the facts, and after carefully considering the applicable law and the rulings of the Court in the Action, Plaintiffs' Counsel, the Class Representative Plaintiffs, and the other Named Plaintiffs have concluded that it would be in the best interests of all Plaintiffs, including the absent class members, to enter into this Settlement Agreement in order to avoid the uncertainties of complex litigation, and to assure meaningful benefits in the near term to Settlement Class members in a case originally filed in September 2015 without the further delay that would be inevitable if the litigation were to continue;

WHEREAS, Plaintiffs' Counsel are aware that the Autobahn Defendants have defenses to Plaintiffs' allegations and causes of action, and to class certification, upon which the Autobahn Defendants might prevail if the litigation were to continue;

WHEREAS, based upon their analysis and evaluation of a number of factors, Plaintiffs' Counsel recognize the substantial risks of continued litigation and delays, including the likelihood that the Plaintiffs' Claims, if not settled now, might not result in any recovery whatsoever for the Settlement Class;

WHEREAS, Plaintiffs' Counsel, the Class Representative Plaintiffs, and the other named Plaintiffs have concluded that the Settlement Agreement achieves a fair, reasonable, and adequate resolution of the Action on a class-wide basis;

WHEREAS, subject to the approval of the Court and the entry of a Preliminary Approval Order, the parties wish to terminate all disputes between them and effect a compromise as set forth in this Settlement Agreement (the "Settlement Agreement" or "Settlement");

WHEREAS the Parties hereto agree that this Settlement Agreement shall not be deemed or construed to be an admission of evidence of any violation (or any defense thereto) of any federal or state statute, rule or regulation, or principle of common law or equity, or of any liability or wrongdoing whatever (and any defense thereto), or of the truth or falsity of any of the claims

asserted, or that might be asserted in the Action, or of the infirmity of any of the claims or defenses that have been raised or could have been raised by the parties;

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the undersigned parties that Plaintiffs' Claims shall be settled, compromised, satisfied, and released, subject to the approval of the Court, upon and subject to the following terms and conditions:

## THE SETTLEMENT CLASS AND ADMINISTRATION

1.      Within five (5) days of the execution of this Settlement Agreement, Plaintiffs' Counsel shall file a motion for leave to file a Fourth Amended Complaint.  The Fourth Amended Complaint shall re-assert the claims of Harold Fethe as Class Representative for claims of CPO purchasers that were previously asserted in the earlier versions of the complaint in the Action, and shall remove the claims of the individual non-class representative Plaintiffs who have settled their individual claims.

2.      The Settlement Class presumptively consists of all consumers in the following groups.  Those who, after receiving notice, timely and properly exclude themselves from the Settlement in accordance with  Paragraph 12 shall be excluded from the Settlement Class:

> All consumers who during the Class Period received service from Autobahn, together with all consumers who purchased a CPO automobile from Autobahn during the period January 1, 2007 through December 31, 2012.

The "Class Period" is January 1, 2005 through February 28, 2018.

3.      The Settlement Class shall have the following sub-classes.  A class member may fall under more than one subclass.  For the purposes of sub-Classes 1A and 1B and sub-Classes 3A and 3B, the date of the last pertinent transaction distinguishes membership in the "A" subclasses from membership in the "B" sub-classes.

a.      Class 1A:

All Settlement Class members who last serviced automobiles at Autobahn on or after January 1, 2011.

b.      Class 1B:

All Settlement Class members who last serviced their automobiles at Autobahn during the period January 1, 2005 through December 31, 2010.

c.      Class 2:

All Settlement Class members who purchased a fluid known as zMAX from Autobahn in conjunction with service at Autobahn during the Class Period according to Autobahn's records, together with all Settlement Class members who purchased from Autobahn a CPO automobile on or after January 1, 2007, into which zMAX may have been added during the reconditioning process.

d.      Class 3A:

All Settlement Class members who last purchased a CPO automobile from Autobahn during the period January 1, 2011 through December 31, 2012.

e.      Class 3B:

All Settlement Class members who last purchased a CPO automobile from Autobahn during the period January 1, 2007 through December 31, 2010.

4.      The parties have agreed that the Settlement shall be administered by Dahl Administration or other mutually agreed independent third-party settlement administrator ("Settlement Administrator").  The Settlement Administrator shall be an independent contractor, and not the agent of any party nor the agent of counsel for any party.  The Autobahn Defendants shall pay all fees and expenses charged by the Settlement Administrator to administer this Settlement, which shall not exceed One Hundred Thousand Dollars ($100,000).  In the event that the Settlement Administrator does not agree to cap the administration fees as set forth in the foregoing sentence, the Autobahn Defendants shall have the right to nullify this Agreement or modify the Agreement to reflect the cap on such costs.  Under no circumstances shall the Autobahn

Defendants be required under this Settlement Agreement to incur or pay any fees or expenses that the Autobahn Defendants are not explicitly obligated to incur or pay under this Settlement Agreement.

5.    In the event the Court disapproves or sets aside this Settlement Agreement or any material part hereof for any reason, or holds that it will not enter or give effect to the Final Judgment and Order, or holds that the Final Judgment and Order should be modified in any material way, then (a) the parties may jointly agree to accept the Settlement Agreement as judicially modified; or (b) if all parties do not jointly agree to accept the Settlement Agreement as judicially modified, any party may appeal such ruling.  However, attorneys' fees, costs, and incentive awards to the Class Representative and other named Plaintiffs are within the sole discretion of the Court and are not material terms to this Settlement Agreement.  The parties agree that the provisions of Paragraphs 20 and 22 are severable from the remainder of the Settlement Agreement.  If the Court modifies or strikes these paragraphs, it shall in no way affect the validity or enforceability of the remainder of this Settlement Agreement.

6.    The Settlement Administrator shall be responsible for the tasks set forth in this Agreement, including but not limited to the following:

a.    Attorney General Notice.  Mail notice of this Settlement Agreement to the affected state attorneys general and the United States Attorney General in accordance with the Class Action Fairness Act, within ten (10) days of the date on which this Settlement Agreement is filed with the Court.

b.    Update Class List.  Access the National Change of Address Database and update the Class List within five (5) business days of receipt of the list.

c.    Settlement Website.  Establish the Settlement Website within thirty (30) days of the entry of the Preliminary Approval Order and provide the

information set forth in Paragraph 8 (including a change of address form to be used by class members).

d.  Notice Dissemination.  Provide notice in accordance with the Settlement Agreement and the Preliminary Approval Order within 30 days of entry of the Preliminary Approval Order.

e.  Class Member Communications.  Establish a toll-free number and respond as necessary to inquiries from Settlement Class members.

f.  Exclusion Requests.  Receive and provide copies of all exclusion requests to counsel for the parties, within five (5) business days of receipt.  In addition, the Settlement Administrator shall prepare and provide to the Court and counsel for the parties a list of all persons who timely and properly request exclusion from the Settlement Class and any necessary declaration of the Settlement Administrator concerning such list.

g.  Distribution of Vouchers and Claim forms and Claim Review.  Distribute vouchers to Class 1A/1B and 3A/3B members, claim forms to Class 2 members, review and approve claim forms and issue vouchers for approved claim forms, and process and issue checks for redeemed vouchers as set forth herein.  Provide weekly updates to counsel for the parties regarding the number and amount of vouchers issued, claim forms issued, vouchers redeemed, and claim forms submitted.

h.  Monthly Reporting.  The Settlement Administrator shall provide monthly reports to Counsel for the parties regarding the amount and nature of fees and costs incurred and the anticipated future fees and costs to complete the administration of the settlement.

8

        i.   <u>Distribution of residual funds to cy pres</u>.  The Settlement Administrator shall be responsible for determining the amount of uncashed checks at the point when all outstanding issued checks have expired and distributing that amount to the cy pres.

        j.   <u>Disestablishment of website</u>.   The Settlement Administrator shall disestablish the settlement website no later than 180 days after the Effective Date.

        k.   <u>Maintenance of Class List and other Settlement Records</u>.  For a period of five years, the Settlement Administrator shall maintain the Class List and other settlement records (including records pertaining to issuance of vouchers, claim forms, and checks) and provide any necessary declaration to resolve any future disputes with a Plaintiff, putative class member, or counsel for the same.

        l.   <u>Coordinating Calls</u>.  The Settlement Administrator shall participate in regular coordinating calls with counsel for the parties as requested.

**<u>THE PRELIMINARY APPROVAL ORDER</u>**

7.     Within ten (10) days after the execution of this Settlement Agreement, Plaintiffs' Counsel shall file this Settlement Agreement and request that the Court enter a Preliminary Approval Order, which shall accomplish the following:

        a.  Find that the requirements of Fed. R. Civ. P. 23 and any other requirements for certification of a settlement class have been satisfied and certify a class defined in accordance with Paragraph 2 above;

        b.  Provide that the Settlement Agreement shall apply to the Settlement Class;

        c.  Preliminarily approve the Settlement Agreement as appearing to be fair, reasonable, and adequate;

    d.   Find that the Class Notice Procedure, as described below, including the Short Form and Long Form Class Notices, satisfies the requirements of due process and all other applicable laws and rules;

    e.   Provide for the dissemination of the Class Notice;

    f.   Set the time period and procedure for opting out and/or filing objections;

    g.   Set the deadline for the parties to submit papers/briefing in response to any objections and in support of final approval of the Settlement Agreement; and

    h.   Set a date for the hearing not less than sixty (60) days after notice has been issued to the Settlement Class at which the Court will finally determine the fairness, reasonableness, and adequacy of the proposed Settlement ("Final Fairness Hearing").

8.    The Short Form Class Notice (Exhibit A), which shall be in the form of an email where the Autobahn Defendants have Settlement Class Member's email address and in the form of a postcard where the Autobahn Defendants do not have the Settlement Class Member's email address, shall apprise the Settlement Class members of the existence of the Settlement Agreement and direct them to a toll-free number for the Settlement Administrator that Settlement Class members can call if they have any questions about the Settlement.  The Short Form Class Notice shall also direct Settlement Class members to a website, to be established and maintained by the Settlement Administrator, which shall be taken down not later than 180 days after the Effective Date.  The website will include the Long Form Class Notice.  The Long Form Class Notice (Exhibit B) shall:

    a.   Apprise the class members of the material terms of the Settlement Agreement;

    b.   Apprise class members of their right to object to the proposed Settlement; that any objection to the proposed Settlement must be filed with the Court and served upon all counsel of record by a date specified by the Court, but no more than thirty (30) days after the date of emailing or mailing of the Short Form Class Notice;

    c.   Inform class members that any persons who seek to exclude themselves or "opt out" from the Settlement Class must do so by a date specified

by the Court, but no more than thirty (30) days after the date of emailing or mailing of the Short Form Class Notice;

d.  Inform class members that a Final Fairness Hearing to determine the fairness, reasonableness, and adequacy of the proposed Settlement will be held on the date fixed by the Court, but not fewer than sixty (60) days after notice has been issued to the Settlement Class, and provide the date, time and location of the Final Fairness Hearing; and

e.  Inform class members that the Court retains the right to reschedule the Final Fairness Hearing without further notice to the Class, but in no event shall the Final Fairness Hearing be held fewer than sixty (60) days after notice has been issued to the Settlement Class.

The website shall also include copies of the Settlement Agreement, relevant pleadings, the Order Granting Preliminary Approval of the Settlement, a Change of Address Form available for the Settlement Class Members that desire to notify the Settlement Administrator of a change of address for mailing vouchers and/or checks, and a toll-free telephone number for the Settlement Administrator that Settlement Class Members can call if they have any questions about the Settlement.

## NOTICE, AND OPT OUT PROCEDURES

9.  <u>Class List</u>:  Within fourteen (14) days of the Court's entry of a Preliminary Approval Order, the Autobahn Defendants shall provide the Settlement Administrator with the following information:

a.  the names and last known email and physical addresses of each Settlement Class Member; and

b.  the sub-classes to which each Settlement Class Member belongs.

The Settlement Administrator shall keep this information confidential and shall use it only for the purposes of administering the Settlement in this Action.

10.  <u>NCOA Database</u>:  Upon receipt of the list of names and last known addresses of each Class Member, the Settlement Administrator shall, within five (5) business days, access the

National Change of Address ("NCOA") Database, and update the addresses of the potential Settlement Class members before the Short Form Class Notice is sent.

11.     <u>Notice</u>:   Within thirty (30) days of entry of the Preliminary Approval Order described above, the Settlement Administrator shall email or mail the Short Form Class Notice to each Settlement Class Member identified from the Autobahn Defendants' records pursuant to Paragraph 8 of this Agreement.   The deadline for objecting to, or opting out of, the Settlement shall be printed on the Short Form Class Notice.   The Settlement Administrator shall provide to counsel for the parties the names of the Settlement Class members together with the email address or physical addresses to which the Settlement Administrator mailed the Short Form Class Notice, which shall be used by counsel for the parties only for purposes of effectuating this Settlement and not for any other purpose.   Once such notice is emailed or mailed to class members, no further notice, whether by mail, publication, or otherwise, shall be required, except (1) for any notice returned by the U.S. Postal Service with a forwarding address, the Settlement Administrator shall mail the notice to the forwarding address; (2) for any notice which is undeliverable by email, the Settlement Administrator shall send a second notice by mail; and (3) additional notice will be provided if required by the Court because of notices returned and undelivered to class members.

12.     <u>Opt Outs</u>:  Any class member shall have the right to be excluded from (also known as opting out of) the Settlement and Settlement Class.   On or before the opt-out deadline established by the Court (which shall be no more than thirty (30) days after the emailing/mailing date of the Short Form Class Notice), each individual electing to opt out of the Settlement Class must deposit in the U.S. mail and have post-marked an opt-out notice addressed to the Settlement Administrator identifying his or her name and address and clearly stating that he or she desires to be excluded from the Settlement Class.   Settlement Class members who do not timely opt out of the Settlement Class or who fail to properly opt out of the Settlement Class remain members of

the Settlement Class and may receive any of the benefits of the Settlement Class, and shall be bound by any order(s) of the Court regarding the Settlement Class.  The Settlement Administrator shall provide copies of any opt-out notices to Plaintiffs' Counsel and the Autobahn Defendants' Counsel within five (5) business days of receipt.  Notwithstanding any other provision of this Settlement Agreement, the Autobahn Defendants shall retain the right, in the exercise of their sole discretion, to nullify the Settlement Agreement within fourteen (14) calendar days of receipt by its counsel of all opt-out notices should the number of such opt-outs equal or exceed 1% of the number of Settlement Class members who do not opt-out, or in the event that any plaintiff named in the Third Amended Complaint in the Action, including any Class Representative, fails to execute this Agreement, objects to this Agreement, or attempts to opt-out of this Agreement.

## FINAL FAIRNESS HEARING AND FINAL JUDGMENT AND ORDER

13.    The parties agree to petition the Court to hold a Final Fairness Hearing and to enter an order agreed to by the parties finally approving the Settlement ("Final Judgment and Order").

14.    The parties shall seek a Final Judgment and Order that shall:

a.  Approve this Settlement Agreement without modification (except insofar as the parties have agreed to such modification) as fair, reasonable and adequate to the Settlement Class and direct its consummation according to its terms;

b.  Find that the form and manner of notice implemented pursuant to this Settlement Agreement (i) constitutes reasonable notice and the best practicable notice under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise the class members of the pendency of Plaintiffs' Claims, the terms of the proposed Settlement, the right to object to or exclude themselves from the proposed Settlement, and the right to appear at the Final Fairness Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meets the requirements of due process, the applicable rules of civil procedure, and any other applicable state and/or federal laws;

    c.   Find that all members of the Settlement Class (except those who have properly excluded themselves) shall be bound by this Settlement Agreement, including the release provisions and covenant not to sue;

    d.   Direct that judgment be entered immediately dismissing the Action with prejudice as to the Released Claims, Released Parties, and Partially Released Entities, and that no costs or fees be assessed on either party beyond the Attorney Fees and Costs as described and limited by Paragraph 20 below;

    e.   Incorporate the release and related provisions set forth below in Paragraphs 32 through 40 of this Settlement Agreement, and forever bar any claims or liabilities related to the Released Claims against the Released Parties and Partially Released Entities as defined below;

    f.   Approve payment of the benefits to the class members and the incentive awards to the Named Plaintiffs described by Paragraph 18 below and of the Attorney Fees and Costs as described and limited by Paragraph 20 below and make any necessary findings in that regard; and

    g.   Retain jurisdiction of all matters relating to the interpretation, administration, implementation, and enforcement of this Settlement Agreement.

15.    This Settlement Agreement shall become effective and be deemed final only after the expiration of seven (7) days after the Final Judgment and Order is rendered and not subject to any appeal, attempt to re-open the judgment, or request to extend the time to seek an appeal, or, if an appeal has been sought, the expiration of seven (7) days after the final disposition of any such appeal and any further proceedings in the trial court (and, following any such proceedings, the expiration of all time to notice an appeal or, if an appeal has been sought, the expiration of seven (7) days after the final disposition of any such appeal), which disposition approves the Court's Final Judgment and Order (the "Effective Date").  If the Effective Date does not occur, this Settlement Agreement is null and void.

16.    Any objections to the Settlement and/or petitions to intervene must be in writing, and must include:  (1) evidence that the objector or intervenor is a member of the Settlement Class as defined above; (2) a notice of intent to appear at the Final Fairness Hearing if the objector or

14

intervenor intends to so appear; (3) a statement of the objection(s) being asserted; (4) a description of the facts and legal authorities underlying each objection; (5) a list of any witnesses who may be called to testify at the Final Fairness Hearing, whether in person, by deposition, or affidavit; and (6) a list of any exhibits, and copies of same, which the objector may offer at the Final Fairness Hearing.  All documents specified in this paragraph must be filed with the Court and served upon designated Plaintiffs' Counsel and counsel for the Autobahn Defendants, as set forth in Paragraph 51, no later than the date set by the court, which shall be no later than 30 days after the date of emailing/mailing of the class notice.

17.    No person shall be entitled to contest in any way the approval of the terms and conditions of this Settlement Agreement or the Final Judgment and Order except by filing and serving written objections in accordance with the provisions of this Settlement Agreement.  Any member of the Settlement Class who fails to exclude himself or herself from the Settlement Class in accordance with this Settlement Agreement, or who fails to object in the manner prescribed, shall be deemed to have waived, and shall be foreclosed forever from raising objections to the Settlement and from asserting any claims arising out of, related to, or based in whole or in part on any of the facts or matters alleged, or which could have been alleged, in any litigation or arbitration involving the parties.

<u>**SETTLEMENT CLASS BENEFITS**</u>

18.    After the Effective Date, and within the time prescribed in Paragraph 24 below unless specifically stated otherwise, the Settlement Administrator shall send the following vouchers and/or claim forms to the members of the Settlement Class who have not properly and timely opted out:

a.    <u>Class 1A</u>:

15

    i.  a voucher for $20.00 towards any service at Autobahn (with a cash value of $8.22) if such class member visited Autobahn for service 1–3 times; or

    ii.  a voucher for $30.00 towards any service at Autobahn (with a cash value of $12.33) if such class member visited Autobahn for service 4–6 times; or

    iii.  a voucher for $40.00 towards any service at Autobahn (with a cash value of $16.44) if such class member visited Autobahn for service 7–9 times; or

    iv.  a voucher for $50.00 towards any service at Autobahn (with a cash value of $20.55) if such class member visited Autobahn for service 10 or more times.

  b.  <u>Class 1B</u>:

    i.  a voucher for $5.00 towards any service at Autobahn (with a cash value of $2.34) if such class member visited Autobahn for service 1–3 times; or

    ii.  a voucher for $7.50 towards any service at Autobahn (with a cash value of $3.51) if such class member visited Autobahn for service 4–6 times; or

    iii.  a voucher for $10.00 towards any service at Autobahn (with a cash value of $4.67) if such class member visited Autobahn for service 7–9 times; or

    iv.  a voucher for $12.50 towards any service at Autobahn (with a cash value of $5.84) if such class member visited Autobahn for service 10 or more times.

  c.  <u>Class 2</u>:  a Claim Form to make a claim for a voucher for $40.00 towards any service at Autobahn (with a cash value of $15.98). The claim form allows eligible class members to attest that they would not have purchased zMax or chosen to have it added to their automobiles had they understood that it has not been endorsed or approved by MBUSA.

  d.  <u>Class 3A</u>: a voucher for $50.00 towards any service at Autobahn (with a cash value of $20.55).

  e.  <u>Class 3B</u>: a voucher for $12.50 towards any service at Autobahn (with a cash value of $5.84).

    19.    Each Settlement Class member may elect to redeem any vouchers issued to him or her by mailing the original voucher with the redemption portion completed to the Settlement

Administrator by U.S. Mail.  Any voucher redeemed by a class member for a check must be sent to the Settlement Administrator and must be postmarked no later than 90 days from the issuance date of the voucher.

### ATTORNEY FEES AND COSTS

20.     Plaintiffs' Counsel shall file a motion for attorneys' fees not to exceed $577,000 ("Attorney Fees") and reimbursement of customary, reasonable, and documented out-of-pocket expenses not to exceed $22,000 ("Costs").  The Autobahn Defendants shall not object to such a motion by Plaintiffs' Counsel.  As material consideration for this Settlement Agreement, Plaintiffs' Counsel agree that they will not seek, by motion to the Court or otherwise, Attorney Fees and Costs in excess of, in addition to, or beyond the Attorney Fees and Costs set forth in this paragraph.

21.     After the Court rules on the motion for fees and costs and after the Effective Date occurs, Plaintiffs' Counsel shall provide to the Autobahn Defendants instructions for completing the wire transfers contemplated in this Settlement Agreement and a demand for payment of Attorney Fees and Costs in the amount approved by the Court.  The demand and wiring instructions shall be signed by each attorney representing the Plaintiffs in this case.  Within ten (10) business days after receipt of the foregoing wire instructions and demand, the Autobahn Defendants will wire transfer to Plaintiffs' Counsel the approved amount of Attorney Fees (not to exceed $577,000) and approved Costs (not to exceed $22,000) according to the instructions provided by Plaintiffs' Counsel.  Plaintiffs' Counsel shall be solely responsible for allocating the Attorney Fees and Costs among the law firms that have represented Plaintiffs; the Autobahn Defendants shall assume and bear no responsibility or liability for this allocation whatsoever, and the Autobahn Defendants obligations with respect to payment of Attorney Fees and Costs shall be complete upon complying with the wiring instructions and demand.  The Court shall resolve any disputes that arise.

22.     The demand and instructions served upon the Autobahn Defendants pursuant to the preceding Paragraph shall include a separately itemized demand for incentive award to the Class Representatives as follows:  Ferrari - $2,500; Keynejad - $8,000; Ruben - $2,500; Fethe - $4,000; Diaz - $5,000; and Gapasin - $2,500 for their participation in the case and time and effort expended in assisting Plaintiffs' counsel and for releasing their individual claims, which funds shall be wired to the same account as the Attorney Fees and Costs.  Plaintiffs' counsel shall be solely responsible for distribution of the incentive awards to the Class Representatives.  In addition, all Named Plaintiffs and Class Representatives, will be entitled to receive vouchers as Settlement Class Members.

23.     In no event shall the Autobahn Defendants be liable for any amount, individually or collectively, directly or indirectly, however denominated or for whatever purpose incurred, in excess of the amounts described in this Agreement.

## PAYMENT AND DISTRIBUTION

24.     <u>Delivery of Vouchers for Classes 1A/1B and 3A/3B; Claim Forms for Class 2</u>. Vouchers (for Classes 1A/1B and 3A/3B) and claim forms (for Class 2) issued pursuant to Paragraph 18 shall be sent to all eligible class members who have not excluded themselves from the Settlement and for whom the Settlement Administrator has identified a valid address through the notice process within thirty (30) days of the Effective Date.  The vouchers and claim forms may be sent either by first class mail or by electronic mail.

25.     <u>Voucher Terms</u>.  Vouchers may be aggregated for use in one single transaction; shall be void after one year; shall not be transferred except to an immediate family member of the recipient, who shall be bound by the same terms and conditions as the original recipient; can be used with any other discounts, promotions, rebates, etc.; shall not be redeemable for cash in whole or in part (except from the Settlement Administrator, under the procedure set forth in this

Settlement Agreement); and shall be valid only with proof of identification.  In order to redeem a voucher for cash, a Settlement Class member must return the voucher with the redemption portion of the voucher executed and post-marked within 90 days of the date of issuance of the voucher.

26.    Claim Forms.  Claim forms for Class 2 must be sent to the Settlement Administrator and post-marked within ninety days (90) days of the date of issuance of the claim form.  Claim forms post-marked after this deadline shall be rejected.  Within five (5) days of the deadline for submitting claim forms, the Settlement Administrator shall issue vouchers to members of Class 2 who have not excluded themselves from the Settlement and who have properly executed and timely submitted a claim form.

27.    Checks.  The Settlement Administrator shall receive all vouchers redeemed for cash and report weekly to the parties the total number of vouchers redeemed for cash and the total redemption amount.  Within five (5) business days of the deadline for all issued vouchers to be redeemed for all classes, the Settlement Administrator shall report such fact to counsel for the parties together with the total number of redeemed vouchers and the total dollar amount of redeemed vouchers (the "Total Redemption Amount").  Within ten (10) business days of receiving such report, the Autobahn Defendants shall cause to be deposited the Total Redemption Amount in the account being used by the Settlement Administrator to issue the redemption checks.  Within five (5) business days of said funds being deposited, the Settlement Administrator shall issue the redemption checks.  Such checks shall be void ninety (90) days after issuance.  Each check issued by the Settlement Administrator shall include at least the following information:  check number, "*Ferrari* Class Action Settlement Payment," first and last name of the class member, class member identification number, date of issuance, expiration date, and the amount of the check.

28.    Returned Checks.  If a check is returned to the Settlement Administrator as undeliverable, the Settlement Administrator shall undertake reasonable efforts to verify the current

address to assure that the check was mailed and properly addressed to the most current address, and if not, shall re-send the returned and/or undelivered check by U.S. Mail properly addressed to the most current address provided.  If at the time of re-mailing a check to a Settlement Class member, the check will be void in less than seventy (70) days, the check shall be voided and a new check issued and mailed to the Settlement Class member with a current date.  Within 90 days after the expiration of all outstanding issued checks, Class Counsel  shall apply to the Court for an Order directing that the funds associated with any undelivered checks, returned checks, and non-negotiated checks shall be paid by the Settlement Administrator to a mutually agreed charitable organization to be agreed by the parties and approved by the Court.  The Order shall make clear that under the terms of the Agreement, Settlement Class members have waived and abandoned any ownership interest in such undeliverable, returned, uncashed, unclaimed, non-negotiated checks, and any and all associated funds.

29.  <u>Co-buyers and Co-lessees</u>.  In the case of co-buyers or co-lessees to a transaction falling within the Settlement Class, only one voucher or claim form and, if a voucher is redeemed for a check, one settlement check, shall be issued jointly to the transaction's co-buyers.  For purposes of this Settlement Agreement, all co-buyers to a single transaction falling within the Settlement Class shall be treated as a single class member.

30.  <u>Incentive Awards and Other Payments to Class Representatives and Other Named Plaintiffs</u>.  The incentive and other payments to the Class Representatives and other Named Plaintiffs, as set forth in Paragraph 22, shall be wired at the same time as, and to the same account as that designated by Plaintiffs' Counsel pursuant to the terms set forth in Paragraph 21.

31.  <u>Disputes</u>.  The parties agree to negotiate in good faith to resolve any a dispute by a Settlement Class member, including a Named Plaintiff, concerning the relief to which that member is entitled under this Agreement.  In the event that good-faith negotiations fail to resolve the

dispute, it shall be resolved by the Court, which shall retain jurisdiction over all matters related to the administration of the Settlement.

## THE RELEASE AND COVENANT NOT TO SUE

32.     On the Effective Date of this Settlement Agreement, for the benefits conferred upon the Settlement Class and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Plaintiffs (including all Class Representatives; all other Named Plaintiffs; and all members of the Settlement Class), and their respective current and former spouses, assigns, heirs, successors, attorneys, executors, trustees, agents, personal and legal representatives, subsidiaries, affiliates, officers, directors, and employees (the "Releasing Parties") fully and forever release, acquit, and discharge the Autobahn Defendants and their affiliates, parents, and subsidiaries, its and their respective owners, shareholders, parents, affiliates, subsidiaries, dealerships, divisions, predecessors, successors, assigns, insurers, employees, contractors, administrators, brokers, vendors, agents, officers, directors, principals, law firms, and legal representatives, as well as the heirs, personal representatives, executors, administrators, predecessors, successors, and assigns of each of the foregoing, in each case past and present (collectively referred to as the "Released Parties"), in each case of and from any and all manner of claims arising from or related to facts alleged in the Action, and any claims that were or could have been brought in, the Action or the Original Action arising out of those alleged facts, as well as all forms of relief, including all remedies, costs, losses, liabilities, damages, debts, expenses, penalties, interest, and attorneys' and other professionals' fees and related disbursements, whether known or unknown, foreseen or unforeseen, suspected or unsuspected, asserted or unasserted, whether (a) claiming compensation, money damages, equitable or other type of relief; (b) based on any federal, state, or municipal statute, law, ordinance, or regulation; (c) based on common law or public policy; or (d) sounding in tort or contract, whether oral or written, express or implied,

law or equity, statutory or common law, or any other causes of action that any Releasing Party, whether directly, representatively, derivatively, or in any other capacity, ever had, now has, or hereafter can, shall, or may have against the Released Parties from the beginning of the world through the Effective Date (collectively, the "Released Claims").  The terms of this paragraph shall collectively be referred to herein as the "Release."  It is expressly intended and understood by the parties that this Settlement Agreement is to be construed as a complete settlement, accord, and satisfaction of the Released Claims.  The Release shall be self-executing as of the Effective Date.

33.     The "Released Claims" also include all claims in the Action asserted against MBUSA, a third-party beneficiary to this Agreement, except those relating to MBUSA's advertising claims relating to longevity and superiority of Mercedes-Benz genuine parts.  The claims in the Action that are not released as to MBUSA are reflected in the Third Amended Complaint in Count II (CLRA), Count III (UCL), Count IV (FAL), and Count IX (Common Law Fraud).  MBUSA and its affiliates, parents, and subsidiaries, its and their respective owners, shareholders, parents, affiliates, subsidiaries, dealerships, divisions, predecessors, successors, assigns, insurers, employees, contractors, administrators, brokers, vendors, agents, officers, directors, principals, law firms, and legal representatives, as well as the heirs, personal representatives, executors, administrators, predecessors, successors, and assigns of each of the foregoing, in each case past and present are "Partially Released Entities" for the purpose of the Released Claims identified in this Paragraph.

34.     The Releasing Parties acknowledge that they are releasing both known and unknown and suspected and unsuspected claims and causes of action in any way related to the allegations made in the Action and are aware that they may hereafter discover legal or equitable claims or remedies presently unknown or unsuspected, or facts in addition to or different from those which they now know or believe to be true with respect to the allegations in and subject

22

matter of Plaintiffs' Claims or otherwise with respect to the Released Claims. Nevertheless, it is the intention of the Releasing Parties to fully, finally, and forever settle and release all such matters, and all claims and causes of action relating thereto, which exist, hereafter may exist, or might have existed (whether or not previously or currently asserted in Plaintiffs' Claims) from the beginning of the world through the Effective Date.

35.     The Releasing Parties hereby expressly acknowledge that Section 1542 of the Civil Code of the State of California provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

The Releasing Parties hereby agree that the provisions of Section 1542 of the Civil Code of the State of California and all similar, comparable or equivalent federal or state laws, rights, rules, or legal principles of any other jurisdiction that may be applicable, are hereby knowingly and voluntarily waived and relinquished by the Releasing Parties, and the Releasing Parties agree and acknowledge that this provision and the inclusion of unknown and unsuspected claims in the Release were separately bargained for and are essential terms of the Settlement Agreement and Release.

36.     The Releasing Parties further agree that they shall not request or knowingly permit any third party, including but not limited to any private attorney general or Cal. Bus. and Prof. Code § 17200 plaintiff, to bring any claim released herein on their behalf.

37.     The Releasing Parties further covenant and agree that (a) they will not sue or bring any action or cause of action, including by way of third-party claim, cross-claim, or counterclaim, against any of the Released Parties or the Partially Released Entities in respect of any of the

Released Claims; (b) they will not initiate any action against any of the Released Parties or the Partially Released Entities in respect of any of the Released Claims; and (c) they will not assist any third party in initiating or pursuing an action suit against the Released Parties or the Partially Released Entities in respect of any of the Released Claims.

38.     The Release may be raised as a complete defense and bar to any action, claim, or demand brought in contravention of this Settlement Agreement.  In the event that a plaintiff named in the Third Amended Complaint in the Action, including any Class Representative, brings or pursues any such action, claim, or demand against one or more of the Autobahn Defendants in violation of the Release after such plaintiff bringing or pursuing such barred action, claim, or demand receives notice that the action is in violation of the Release, such plaintiff bringing or pursuing such barred action, claim, or demand shall indemnify and hold harmless the Autobahn Defendant(s) against whom such action, claim, or demand is brought from and against any and all judgments, costs, and expenses arising therefrom (including but not limited to reasonable attorneys' fees and disbursements of counsel and other professionals and court costs incurred in connection therewith), it being the intent that the substantially prevailing party shall be entitled to indemnification from the substantially non-prevailing party involved in any such action.  This duty to indemnify applies only to plaintiffs named in the Third Amended Complaint in the Action, including any Class Representative,  who individually bring or actively participate in bringing a barred action, claim, or demand, and does not apply to any party that is involuntarily included in a class action.

39.     The Release does not bar any Releasing Party, Released Party, or Partially Released Entity from bringing an action, claim, or demand to enforce the terms of this Settlement Agreement.

40.     On the Effective Date of this Settlement Agreement, all attorney liens, if applicable, will be dissolved.  Except for the obligation to make the payments of Attorneys' Fees and Costs as provided above in Paragraphs 21-22, the Released Parties shall be absolved and released from liability to Plaintiffs' Counsel in every way, including but not limited to liability for any of Plaintiffs' Counsel's attorneys' fees, other professional's fees, expert fees, disbursements, court costs, interest, penalties, and expenses, whether known or unknown, foreseen or unforeseen, suspected or unsuspected, asserted or unasserted, whether based on (a) any federal, state, or municipal statute, law, ordinance, or regulation; (b) based on any federal, state, or municipal statute, law, ordinance, or regulation; (c) based on common law or public policy; or (d) sounding in tort or contract, whether oral or written, express or implied, law or equity, statutory or common law, or any other causes of action Plaintiffs' Counsel, whether directly, representatively, derivatively, or in any other capacity, ever had, now has, or hereafter can, shall, or may have against the Released Parties from the beginning of the world through the Effective Date.

41.     Within five (5) days of execution of this Agreement by all parties, Mr. Fethe shall dismiss his arbitration proceeding and all arbitration claims brought against the Autobahn Defendants.  If the Effective Date of this Agreement does not occur, Mr. Fethe may re-file his arbitration claims with the American Arbitration Association (AAA) within 14 days of the event that causes the Effective Date not to occur.  The Autobahn Defendants agree that the time between Mr. Fethe's dismissal of his arbitration claim and refiling of such claim in accordance with this Agreement, should the Effective Date not occur, shall not be the basis for any statute of limitation defense to Mr. Fethe's arbitration claim.

## NO ADMISSION OF LIABILITY OR WAIVER OF DEFENSES

42.     The Autobahn Defendants deny Plaintiffs' allegations, including the allegations in each complaint or demand filed in any forum and deny liability to Plaintiffs or to others similarly

situated, including all members of the Settlement Class.  It is specifically agreed that the execution

of this Settlement Agreement is not, and shall not be construed as, an admission of any factual or

legal issue, an admission of wrongdoing or liability by the Autobahn Defendants, an admission

that the Autobahn Defendants violated any provision of any federal or state law, an admission that

the Autobahn Defendants concedes that class treatment of Plaintiffs' Claims is appropriate in the

non-settlement context, a waiver of the right on the part of the Autobahn Defendants to enforce

arbitration agreements including waiver of the right to pursue a collective action with any Plaintiff,

or the waiver of any other defense of the Autobahn Defendants.  The Autobahn Defendants

consider it desirable that Plaintiffs' Claims be settled upon the terms and conditions set forth in

this Settlement Agreement in order to avoid further expense and burdensome, protracted litigation

and to put to rest the Released Claims described herein.

## PUBLIC COMMENT AND NON-DISPARAGEMENT

43.     No party or counsel shall make a public announcement or press release regarding

this settlement, except as required by law or as agreed to by the parties in the form of any class

settlement website containing the long form class notice contemplated herein.  Any inquiry by any

member of the public or the press shall be answered by referring him or her to the Settlement

Agreement, to be filed in Court and posted on the website maintained by the Settlement

Administrator and/or to the long form class notice and no party or counsel shall disclose the nature

or substance of the parties' negotiations except to say that the dispute was "settled on mutually

agreeable terms."  This provision shall not preclude Plaintiffs' Counsel, via their firms' websites,

from directing class members to the website maintained by the Settlement Administrator, or from

communicating with any individual class member regarding the benefits of the settlement in

response to any inquiry from that class member.

## CHOICE OF LAW

44.     This Settlement Agreement and its exhibits shall be governed by the laws of the State of California without regard to application of choice of law rules of any jurisdiction.  The parties agree that no statutory or common law of any other state shall be argued to invalidate or render unenforceable any part of this Settlement Agreement.

## MISCELLANEOUS PROVISIONS

45.     The parties agree to undertake in good faith their reasonable best efforts, including all steps and efforts contemplated by this Settlement Agreement and any other steps and efforts that may be necessary or appropriate to carry out the terms and objectives of this Settlement Agreement and to resolve any disputes that may arise therefrom.

46.     The headings used in this Settlement Agreement are intended for the convenience of the reader only and shall not affect the meaning or interpretation of this Settlement Agreement. The use of the singular form of any word in this Settlement Agreement includes the plural and vice versa.

47.     None of the parties hereto shall be considered to be the drafter of this Settlement Agreement or any provision hereof for the purpose of any statute, case law or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof.

48.     This Settlement Agreement constitutes the full and entire agreement among the parties with regard to the subject matter hereof, and supersedes all prior representations, promises, or warranties, oral or otherwise, made by any party.  No party shall be liable or bound to any other party for any prior representation promise or warranty, oral or otherwise, except for those that are expressly set forth in this Settlement Agreement.  This Settlement Agreement shall not be modified in any respect except by a writing executed by and among the parties.  Each party has undertaken its own investigation of the relevant facts and law and has concluded that this Settlement

Agreement is in the best interests of that party.  No party has relied on any representation made by any other party in deciding whether to enter into this Settlement Agreement.

49.     Each party hereto warrants and represents to the other that the party signing this Settlement Agreement on behalf of the respective parties is duly authorized to sign this Settlement Agreement and that this Settlement Agreement is binding and enforceable as to each of the respective parties.

50.     This Settlement Agreement may be executed in separate counterparts without each party signing the same, and execution of counterparts shall have the same force and effect as if all parties had signed the same instrument, and each such counterpart shall constitute one and the same agreement; provided, however, this Settlement Agreement shall not be binding until it has been executed by everyone for whom a signature line has been provided.  This Settlement Agreement shall become effective upon its execution by all of the undersigned.

51.     As agents for the receipt of communications relating to this Settlement Agreement, Plaintiffs appoint Brian Warwick, Varnell & Warwick, P.A., PO Box 1870, Lady Lake, Florida, 32158, facsimile(352) 504-3301 , and the Autobahn Defendants appoint F. Greg Bowman, Williams & Connolly LLP, 725 12th Street, N.W., Washington, D.C., 20005; Juli Ann Lund, Williams & Connolly LLP, 725 12th Street, N.W., Washington, D.C., 20005, facsimile (202) 434-5029; and Mary Beth Hickox-Howard, Williams & Connolly LLP, 725 12th Street, N.W., Washington, D.C., 20005, facsimile (202) 434-5029.  Any communication made in connection with this Settlement Agreement shall be deemed to have been made when sent by overnight delivery or registered or certified mail postage prepaid, by facsimile, or delivered in person at the addresses designated in this paragraph.  The persons and addresses designated in this paragraph may be changed by any party by written notice to the other parties.

IN WITNESS WHEREOF the parties and their counsel have caused this Settlement Agreement to

be duly executed.

PLAINTIFFS AND PLAINTIFFS' COUNSEL:

_____
STEVE FERRARI, on behalf of himself
and all others similarly situated,

Date: _____

_____
MICHAEL KEYNEJAD, on
behalf of himself and all others
similarly situated,

Date: _____

_____
PATRICIA RUBIN, on
behalf of herself and all others
similarly situated,

Date: _____

_____
JOHN DIAZ, on
behalf of himself and all others
similarly situated,

Date: _____

_____
RAY GAPASIN, on
behalf of himself and all others
similarly situated,

Date: _____

_____
HAROLD FETHE, on
behalf of himself and all others
similarly situated,

Date: _____

_____
BRIAN WARWICK,
on behalf of Plaintiffs' Counsel,
Varnell & Warwick, P.A., PO Box 1870
Lady Lake, Florida, 32158,

Date: _____

SONIC AUTOMOTIVE, INC.:

29

IN WITNESS WHEREOF the parties and their counsel have caused this Settlemen

to be duly executed.

PLAINTIFFS AND PLAINTIFFS' COUNSEL:

_____
STEVE FERRARI, on behalf of himself
and all others similarly situated,


Date: _____


_____
PATRICIA RUBIN, on
behalf of herself and all others
similarly situated,

Date: ___5/4/18_____

*Patricia Rubin*
_____
RAY GAPASIN, on
behalf of himself and all others
similarly situated,


Date: _____


_____
MICHAEL KEYNEJAD, on
behalf of himself and all others
similarly situated,


Date: _____


_____
JOHN DIAZ, on
behalf of himself and all others
similarly situated,


Date: _____


_____
HAROLD FETHE, on
behalf of himself and all oth
similarly situated,


Date: _____


_____
BRIAN WARWICK,
on behalf of Plaintiffs' Counsel,
Varnell & Warwick, P.A., PO Box 1870
Lady Lake, Florida, 32158,


Date: _____


_____
HERMAN FRANCK,
on behalf of Plaintiffs' Co
Franck & Associates, 910
Sacramento, CA  95831


Date: _____

IN WITNESS WHEREOF the parties and their counsel have caused this Settlement Agreement to

be duly executed.

PLAINTIFFS AND PLAINTIFFS' COUNSEL:

_____
STEVE FERRARI, on behalf of himself
and all others similarly situated,


Date: _____

_____
MICHAEL KEYNEJAD, on
behalf of himself and all others
similarly situated,


Date:   4,30,18

_____
PATRICIA RUBIN, on
behalf of herself and all others
similarly situated,


Date: _____

_____
JOHN DIAZ, on
behalf of himself and all others
similarly situated,


Date: _____

_____
RAY GAPASIN, on
behalf of himself and all others
similarly situated,


Date: _____

_____
HAROLD FETHE, on
behalf of himself and all others
similarly situated,


Date: _____

_____
BRIAN WARWICK,
on behalf of Plaintiffs' Counsel,
Varnell & Warwick, P.A., PO Box 1870
Lady Lake, Florida, 32158,


Date: _____

SONIC AUTOMOTIVE, INC.:

IN WITNESS WHEREOF the parties and their counsel have caused this Settlement Agreement to

be duly executed.

PLAINTIFFS AND PLAINTIFFS' COUNSEL:


_____
STEVE FERRARI, on behalf of himself
and all others similarly situated,


Date: _____


_____
PATRICIA RUBIN, on
behalf of herself and all others
similarly situated,

Date: _____


_____
RAY GAPASIN, on
behalf of himself and all others
similarly situated,

Date:   May 4, 2018


_____
MICHAEL KEYNEJAD, on
behalf of himself and all others
similarly situated,

Date: _____


_____
JOHN DIAZ, on
behalf of himself and all others
similarly situated,

Date:   4/16/18


_____
HAROLD FETHE, on
behalf of himself and all others
similarly situated,

Date: _____


_____
BRIAN WARWICK,
on behalf of Plaintiffs' Counsel,
Varnell & Warwick, P.A., PO Box 1870
Lady Lake, Florida, 32158,

Date: _____


SONIC AUTOMOTIVE, INC.:

29

IN WITNESS WHEREOF the parties and their counsel have caused this Settlement Agreement to

be duly executed.

PLAINTIFFS AND PLAINTIFFS' COUNSEL:


STEVE FERRARI, on behalf of himself
and all others similarly situated,


Date: _____


PATRICIA RUBIN, on
behalf of herself and all others
similarly situated,


Date: _____


RAY GAPASIN, on
behalf of himself and all others
similarly situated,

Date: _____


MICHAEL KEYNEJAD, on
behalf of himself and all others
similarly situated,


Date: _____


JOHN DIAZ, on
behalf of himself and all others
similarly situated,


Date: _____

*Harold Fethe*

HAROLD FETHE, on
behalf of himself and all others
similarly situated,

Date: *24 April 2018*


BRIAN WARWICK,
on behalf of Plaintiffs' Counsel,
Varnell & Warwick, P.A., PO Box 1870
Lady Lake, Florida, 32158,


Date: _____


SONIC AUTOMOTIVE, INC.:

29

IN WITNESS WHEREOF the parties and their counsel have caused this Settlement Agreement

to be duly executed.

PLAINTIFFS AND PLAINTIFFS' COUNSEL:

_____
STEVE FERRARI, on behalf of himself
and all others similarly situated,


Date: _____


_____
PATRICIA RUBIN, on
behalf of herself and all others
similarly situated,


Date: _____


_____
RAY GAPASIN, on
behalf of himself and all others
similarly situated,


Date: _____


_____
BRIAN WARWICK,
on behalf of Plaintiffs' Counsel,
Varnell & Warwick, P.A., PO Box 1870
Lady Lake, Florida, 32158,

Date: _____5/1/18_____

_____
MICHAEL KEYNEJAD, on
behalf of himself and all others
similarly situated,


Date: _____


_____
JOHN DIAZ, on
behalf of himself and all others
similarly situated,


Date: _____


_____
HAROLD FETHE, on
behalf of himself and all others
similarly situated,


Date: _____


_____
HERMAN FRANCK,
on behalf of Plaintiffs' Counsel,
Franck & Associates, 910 Florin Road, Ste. 212
Sacramento, CA  95831

Date: ___4-19-18_____

SONIC AUTOMOTIVE, INC.:

By: _____

Title: Stephen K. Coss, Secretary

Date: 4/16/18

AUTOBAHN, INC.:

By: _____

Title: Stephen K Coss, Secretary

Date: 4/16/18

# **Exhibit B**

**Autobahn Settlement**
P.O. Box ####
Blue Bell, PA  19422


*A FEDERAL COURT ORDERED THIS*
*NOTICE.  IT IS NOT A SOLICITATION.*

PRESORTED
FIRST CLASS MAIL
U.S. POSTAGE
**PAID**

<u>NOTICE OF CLASS ACTION</u>
<u>SETTLEMENT – YOUR LEGAL RIGHTS</u>
<u>MAY BE AFFECTED</u>

A partial settlement has been preliminarily approved in *Ferrari v. Autobahn, Inc*., No. 4:17-cv-0018-YRG (N.D. Cal.), a class action on behalf of consumers who brought cars to Autobahn Motors for service from January 1, 2005 to February 28, 2018, and/or purchased a certified pre-owned (CPO) vehicle from January 1, 2007 to December 31, 2012, according to Autobahn's records. The Plaintiffs in the case asserted that Autobahn failed to properly disclose when it used non-Genuine parts in the service, repair, or sale of Mercedes Benz vehicles. They alleged that this practice violated California law.

NAME
ADDRESS1
ADDRESS2
CITY, STATE  ZIP

As described more fully in the documents posted at [URL], you are eligible to receive a voucher for between $5 and $100, which may be used for service at Autobahn, or a check for between $2.34 and $41.10, depending on when and how many times you visited the dealership, among other factors. If you purchased a product called zMAX, or purchased a CPO vehicle into which zMAX may have been added, you may also submit a claim for an additional $40.00 voucher or a check for $15.98. Further information is available at [URL].  You may also contact the Settlement Administrator with questions at [phone number].

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **DO NOTHING** | If the Court approves the settlement and you do nothing, a service voucher in an amount between $5 and $100 will be sent to you.  You give up the right to sue the Released Parties and Partially Released Entities for the Released Claims, as those terms are defined in the Settlement Agreement. |
| **ELECT A CHECK** | You may choose to receive a check instead of a voucher by informing the Settlement Administrator of that decision at [URL] by [45 days after prelim approval].  You will need to enter your last name and unique code: [CODE] to elect a check. |
| **EXCLUDE YOURSELF** | You will not receive any benefit from this Settlement; however, you retain any right to file a separate lawsuit.  You should not delay if you plan to seek relief on your own. To exclude yourself, you must sign and mail a **written request** to the Settlement Administrator at [address] stating your name, address, and "I request exclusion from the class in *Ferrari v. Autobahn, Inc.*, 4:17-cv-0018-YRG (N.D. Cal.)."  **Requests for exclusion must be signed and postmarked by [30 days after prelim approval].** |
| **OBJECT** | You remain a class member, but write to the Court and explain why you do not think the settlement is fair, reasonable, and/or adequate.  Details for how and when to object can be found at [URL].  Objections must be filed and served by [30 days after prelim approval]. |

# **Exhibit C**

**FULL CLASS NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION**

TO:

    (1) All consumers who brought vehicles to Autobahn Motors, a Mercedes dealer in Belmont, California, for service during the period January 1, 2005 through February 28, 2018.

    (2) All consumers who purchased a certified pre-owned ("CPO") vehicle from Autobahn Motors during the period January 1, 2007 through December 31, 2012.

**IF YOU ARE A CLASS MEMBER, YOU SHOULD READ THIS NOTICE CAREFULLY BECAUSE IT WILL AFFECT YOUR LEGAL RIGHTS AND OBLIGATIONS.**

A Settlement has been preliminarily approved in a class action lawsuit pending in the United States District Court for the Northern District of California, *Steve Ferrari et al. v. Autobahn, Inc., et al.*, Case No. 4:17-cv-00018-YGR (the "Litigation" or the "Action").

This Notice explains the nature of the Litigation, the general terms of the proposed Settlement, and your legal rights and obligations.

1. **WHAT IS THE LITIGATION ABOUT?**

    a) A class action lawsuit was filed against Autobahn, Inc. and its parent company, Sonic Automotive, Inc. (referred to collectively as "Autobahn"), on behalf of themselves and the Class of persons described above.

    b) The Litigation alleges that Autobahn violated certain California statutes and common law with regard to its use of non-Genuine parts in its service, sales, and advertising practices. More specifically, Plaintiffs alleged that Autobahn used non-Genuine parts in the service and/or repair of customer and used vehicles without fully disclosing this practice to the consumer. Importantly, none of the non-Genuine parts used were substandard or had any detrimental effect on the vehicle. The claims asserted that Autobahn saved money by using the non-Genuine parts. For most services, Autobahn would have saved less than $5 per visit. The Litigation also asserts claims against Mercedes-Benz USA ("MBUSA"). Autobahn denies any wrongdoing and any liability whatsoever, and no court or other entity has made any judgment or other determination of any liability against Autobahn.

    c) Autobahn and the Class Representative Plaintiffs (the "Parties") have determined that it is in their best interests to settle the Litigation to avoid the expenses, inconveniences, and interferences with ongoing business operations that are associated with litigation. This settlement also resolves some, but not all, of the claims against MBUSA.

    d) In addition, the United States District Court for the Northern District of California (the "Court") has determined for settlement purposes only that the Litigation should proceed as a class action and has granted preliminary approval of the proposed Settlement, subject to a Fairness Hearing, during which the fairness of this Settlement will be ultimately determined.

1

## 2. WHO IS INCLUDED IN THIS CLASS ACTION?

For settlement purposes only, the Court has certified one Class with numerous Sub-Classes.  The Class consists of:

> All consumers who during the Class Period received service from Autobahn, together with all consumers who purchased a CPO automobile from Autobahn during the period January 1, 2007 through December 31, 2012.

> The "Class Period" is January 1, 2005 through February 28, 2018.

The Sub-Classes are:

> a.　　Class 1A (Service Class):

> All Settlement Class members who last serviced automobiles at Autobahn on or after January 1, 2011.

> b.　　Class 1B (Service Class):

> All Settlement Class members who last serviced their automobiles at Autobahn during the period January 1, 2005 through December 31, 2010.

> c.　　Class 2 (zMAX Class):

> All Settlement Class members who purchased a fluid known as zMAX from Autobahn in conjunction with service at Autobahn during the Class Period according to Autobahn's records, together with all Settlement Class members who purchased from Autobahn a CPO automobile on or after January 1, 2007, into which zMAX may have been added during the reconditioning process.

> d.　　Class 3A(Certified Pre-Owned Class):

> All Settlement Class members who last purchased a CPO automobile from Autobahn during the period January 1, 2011 through December 31, 2012.

> e.　　Class 3B (Certified Pre-Owned Class):

> All Settlement Class members who last purchased a CPO automobile from Autobahn during the period January 1, 2007 through December 31, 2010.

A Class member may fall under more than one Sub-Class.  For the purposes of Sub-Classes 1A and 1B and Sub-Classes 3A and 3B, the date of the last pertinent transaction distinguishes membership in the "A" Sub-Classes from membership in the "B" Sub-Classes. The reason for this distinction and the lower amount of recovery is that claims based upon transactions taking place in 2010 or earlier are subject to additional defenses.

2

3.  **WHAT DOES THE PROPOSED SETTLEMENT OFFER?**

a)  If the Court grants Final Judicial Approval of the proposed Settlement, each Class member is eligible to receive a Voucher towards goods or service at Autobahn.  Class members may elect to redeem vouchers for a check for a lesser amount instead of using them for service at Autobahn.

Members of each Sub-Class will receive:

    a.  <u>Class 1A (Service Class)</u>:

        i.  a voucher for $20.00 towards any service at Autobahn (with a cash value of $8.22) if such class member visited Autobahn for service 1–3 times; or

        ii.  a voucher for $30.00 towards any service at Autobahn (with a cash value of $12.33) if such class member visited Autobahn for service 4–6 times; or

        iii.  a voucher for $40.00 towards any service at Autobahn (with a cash value of $16.44) if such class member visited Autobahn for service 7–9 times; or

        iv.  a voucher for $50.00 towards any service at Autobahn (with a cash value of $20.55) if such class member visited Autobahn for service 10 or more times.

    b.  <u>Class 1B (Service Class)</u>:

        i.  a voucher for $5.00 towards any service at Autobahn (with a cash value of $2.34) if such class member visited Autobahn for service 1–3 times; or

        ii.  a voucher for $7.50 towards any service at Autobahn (with a cash value of $3.51) if such class member visited Autobahn for service 4–6 times; or

        iii.  a voucher for $10.00 towards any service at Autobahn (with a cash value of $4.67) if such class member visited Autobahn for service 7–9 times; or

        iv.  a voucher for $12.50 towards any service at Autobahn (with a cash value of $5.84) if such class member visited Autobahn for service 10 or more times.

    c.  <u>Class 2 (zMAX Class)</u>:  a Claim Form to make a claim for a voucher for $40.00 towards any service at Autobahn (with a cash value of

3

$15.98).  The claim form allows eligible class members to attest that they would not have purchased zMax or chosen to have it added to their automobiles had they understood that it has not been endorsed or approved by MBUSA.

    d. <u>Class 3A (CPO Class)</u>: a voucher for $50.00 towards any service at Autobahn (with a cash value of $20.55).

    e. <u>Class 3B</u>: (CPO Class):  a voucher for $12.50 towards any service at Autobahn (with a cash value of $5.84).

b)  In order to receive compensation, members of Class 2 (zMAX Class) must complete an online Claim Form available on the Settlement Website: [URL] by [DATE].

c)  Members of Classes 1A/1B (Service Class) and 3A/3B (CPO Class) need not submit a claim to receive compensation.

d)  The default compensation is a voucher good for any service at Autobahn.  The vouchers will be valid for one year after issuance.

e)  If a Class member elects to instead receive cash, he or she must inform the Settlement Administrator of that decision using the form available on the Settlement Website: [URL] by [DATE].

f)  If a Class member elects to receive a check, the check will be mailed to the Class member and will be valid for ninety (90) days after issuance.

g)  Class Representative Plaintiffs may request Incentive Awards for their services as class representatives and their efforts in bringing the litigation, in amounts not to exceed the following: Ferrari - $2,500; Keynejad - $8,000; Rubin - $2,500; Fethe - $4,000; and Diaz - $5,000; and Gapasin - $2,500.

h)  The attorneys for the Class, the law firms of Varnell & Warwick, P.A. and Franck & Associates ("Class Counsel"), will be paid up to a maximum of $577,000 in attorneys' fees and $22,000 in costs.  The Court will make the final determination as to the amounts to be paid to the Class Representative Plaintiffs and to Class Counsel.  These amounts will not affect the benefits provided to the Class.

4.  **HOW TO RECEIVE YOUR VOUCHER OR CASH ALTERNATIVE.**

a)  The Settlement Administrator, RSM, will send the Summary Class Notice of the proposed Settlement to the email address in Autobahn's records.  If Autobahn does not have your email address, the Settlement Administrator will send the Summary Class Notice to the physical mailing address for you in Autobahn's records.

b)  If you do not request to be excluded from the Class and you are a member of Class 1 and/or Class 3, you will automatically receive a voucher or vouchers as described in Paragraph 3 above unless you elect to receive cash instead.

4

c) If you do not request to be excluded from the Class and you are a member of Class 2, you may make a claim via an online Claim Form.  The Claim Form allows eligible class members to attest that they would not have purchased zMax or chosen to have it added to their automobiles had they understood that it had not been endorsed or approved by Mercedes Benz USA.  Upon submission of a properly completed Claim Form, a voucher as described in Paragraph 3 above will be provided via mail unless you elect to receive cash instead.

d) If you elect receive cash instead of a voucher, you must inform the Settlement Administrator of that decision using the form available on the Settlement Website: [URL] by [DATE].

5. **IF THE PROPOSED SETTLEMENT IS APPROVED, YOU WILL LOSE THE RIGHT TO BRING CERTAIN CLAIMS UNLESS YOU OPT OUT.**

a)  If the Court gives final approval to the proposed Settlement, it will enter a Final Order and Judgment in the Litigation with prejudice as to the Released Claims that binds all Class Members who did not validly and timely opt out of the proposed Settlement. The Releasing Parties[1] will be deemed to have released and forever discharged the Released Parties[2] from any and all Released Claims.[3]

---

[1] "Releasing Parties" is defined to include each Class Member that has not timely and properly opted out of the Settlement Class and, to the extent they have rights in the Litigation on behalf of a Class Member, current and former spouses, assigns, heirs, successors, attorneys, executors, trustees, agents, personal and legal representatives, subsidiaries, affiliates, officers, directors, and employees.

[2] "Released Parties" is defined to mean Autobahn and its affiliates, parents, and subsidiaries, its and their respective owners, shareholders, parents, affiliates, subsidiaries, dealerships, divisions, predecessors, successors, assigns, insurers, employees, contractors, administrators, brokers, vendors, agents, officers, directors, principals, law firms, and legal representatives, as well as the heirs, personal representatives, executors, administrators, predecessors, successors, and assigns of each of the foregoing, in each case past and present.

[3] Released Claims are claims arising from or related to facts alleged in the Action, and any claims that were or could have been brought in, the Action or the Original Action arising out of those alleged facts, as well as all forms of relief, including all remedies, costs, losses, liabilities, damages, debts, expenses, penalties, interest, and attorneys' and other professionals' fees and related disbursements, whether known or unknown, foreseen or unforeseen, suspected or unsuspected, asserted or unasserted, whether (a) claiming compensation, money damages, equitable or other type of relief; (b) based on any federal, state, or municipal statute, law, ordinance, or regulation; (c) based on common law or public policy; or (d) sounding in tort or contract, whether oral or written, express or implied, law or equity, statutory or common law, or any other causes of action that any Releasing Party, whether directly, representatively,

b) The Released Claims also include claims in the Action asserted against MBUSA, and the other Partially Released Entities,[4] except those relating to MBUSA's advertising claims relating to longevity and superiority of Mercedes-Benz genuine parts.  The claims that are not released as to MBUSA are reflected in the Third Amended Complaint in Count II (CLRA), Count III (UCL), Count IV (FAL), and Count IX (Common Law Fraud).

c) As to the foregoing Released Claims, the release also includes a waiver of unknown claims in accordance with the provisions of California Civil Code § 1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

d) If you want to maintain the right to sue or continue to sue Autobahn or MBUSA in connection with any Released Claims, you must exclude yourself from the Class, or "opt out," as described below.  If you exclude yourself from the Class or opt out, you will not receive any class benefit.

6. **HOW TO OPT OUT OF THE PROPOSED SETTLEMENT.**

a) If you are a Class Member, you may exclude yourself or "Opt Out" of this Settlement ONLY IF, no later than [DATE], you personally sign and send to the Settlement Administrator RSM via U.S. Mail, proper postage prepaid, at [ADDRESS], a document with the following information:

   i.    The case name (*Steve Ferrari et al. v. Autobahn, Inc., et al.*, Case No. 4:19-cv-03: -YGR);

   ii.   Your full name, address, and telephone number; and

   iii.  A clear statement that you wish to opt out of the Class.

---

derivatively, or in any other capacity, ever had, now has, or hereafter can, shall, or may have against the Released Parties from the beginning of the world through the Effective Date.

[4] MBUSA and its affiliates, parents, and subsidiaries, its and their respective owners, shareholders, parents, affiliates, subsidiaries, dealerships, divisions, predecessors, successors, assigns, insurers, employees, contractors, administrators, brokers, vendors, agents, officers, directors, principals, law firms, and legal representatives, as well as the heirs, personal representatives, executors, administrators, predecessors, successors, and assigns of each of the foregoing, in each case past and present are "Partially Released Entities" for the purpose of the Released Claims identified in Paragraph 33 of the Settlement Agreement.

b) Requests to Opt Out (i.e., for exclusion from the Class) that are not postmarked on or before [date], will not be honored.  You cannot exclude yourself by telephone or by e-mail.  You cannot exclude yourself by mailing a request to any other addresses or after the deadline.  The document requesting exclusion must be signed by you.

7. **HOW TO OBJECT TO THE PROPOSED SETTLEMENT.**

a) If you are a Class Member and you believe the proposed Settlement is not adequate, fair, or reasonable, you may object only if, no later than [date], you file a written objection with the Court (via the Clerk of the United States District Court for the Northern District of California, 280 South 1st Street, Room 2112, San Jose, CA 95113) and serve copies on Class Counsel (Brian Warwick, Varnell & Warwick, P.A., PO Box 1870, Lady Lake, Florida, 32158), Autobahn's Counsel (F. Greg Bowman, Esq., Williams & Connolly LLP, 725 12th Street, N.W., Washington, D.C. 20005).  Class Members shall not be entitled to speak at the Fairness Hearing unless they have submitted a valid and timely written objection or unless requested to speak by the Court. The written objections must set forth the following:

    i.    The name of the Action (*Ferrari v. Autobahn, Inc*., No. 17-CV-0018-YGR);

    ii.    The objector's full name, address, and telephone number;

    iii.    If applicable, the name and address of any person claiming to be legally entitled to object on behalf of a Class Member and the basis of such legal entitlement;

    iv.    Whether the objector is represented by counsel and, if so, the identity of such counsel, and all previous objections filed by the objector and their counsel within the last two years;

    v.    A notice of intent to appear at the Final Fairness Hearing if the objector intends to so appear;

    vi.    A statement of all objection(s) being asserted;

    vii.    A description of the facts and legal authorities underlying each objection;

    viii.    A list of any witnesses who may be called to testify at the Final Fairness Hearing, whether in person, by deposition, or affidavit;

    ix.    A list of any exhibits, and copies of same, which the objector may offer at the Final Fairness Hearing; and

    x.    The objector's signature.

b) Objections that are not postmarked on or before [date], will not be honored.  You cannot object by telephone or by e-mail. You cannot object by mailing an objection to any other addresses or after the deadline.

c) You may, but need not, file and serve your objection through an attorney of your choice. If you do make your objection through an attorney, you will be responsible for your personal attorneys' fees and costs.

8. **WHAT IS THE DIFFERENCE BETWEEN OPTING OUT AND OBJECTING?**

a) Objecting is simply telling the Court that you do not like something about the Settlement. You can object only if you remain in the Class.  Opting out is telling the Court that you do not want to be part of the Settlement Class.  If you opt out, thereby excluding yourself from the Class, you have no basis to object to this Settlement because the case no longer affects you.

9. **THE FAIRNESS HEARING.**

a) On [date], at [time] PST, the Court will hold a hearing on the adequacy, fairness, and reasonableness of the proposed Settlement.  The Court retains the right to reschedule this hearing.  In the event the Fairness Hearing is moved, the new date and time shall be promptly posted on the Settlement Website by the Settlement Administrator.

b) At the hearing, the Court will hear any objections and arguments concerning the proposed Settlement's adequacy, fairness, and reasonableness. The hearing will take place at the United States District Court for the Northern District of California, Oakland Courthouse, Courtroom 1, Fourth Floor, 1301 Clay Street, Oakland, CA 94612.  You do not have to appear at the hearing. Class Counsel will answer questions the Court may have. You are, however, welcome to come to the hearing at your own expense.

c) If you send an objection, you do not have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it. However, you may be permitted to speak at the hearing ONLY if you have filed a timely notice of intent to appear. You cannot speak at the hearing if you have opted out.

10. **HOW TO OBTAIN ADDITIONAL INFORMATION.**

a) This Notice is a summary and does not cover all of the issues and proceedings that have occurred.  More details regarding the Settlement are contained in the Class Action Settlement Agreement, as modified by the Court's preliminary approval order.  You may view the Class Action Settlement Agreement, along with the Court's preliminary approval order and the operative Complaint, at the Settlement Website: [URL].  You may review the complete court file of the Litigation, at the Office of the Clerk of the United States District Court for the Northern District of California, 1301 Clay Street, Suite 400 S, Oakland, CA 94612.  The Clerk will tell you how to obtain the file for inspection and copying at your own expense.

b) For additional information you may contact either the Settlement Administrator or Class Counsel as follows:

Settlement Administrator: [insert address and phone number for Settlement Administrator]

Class Counsel:           Brian Warwick
Varnell & Warwick, P.A.
PO Box 1870
Lady Lake
Florida, 32158

In connection with the preliminary approval of the settlement, the Court appointed Class Counsel to represent you and other Class Members.  You will not be separately charged by these lawyers for their work on the case.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**PLEASE DO NOT CALL THE COURT OR THE CLERK OF THE COURT REGARDING THIS ACTION OR PROPOSED SETTLEMENT.**

# **Exhibit D**

According to the records of Autobahn Motors, you may have purchased a product known as zMax or had zMax added to your vehicle during the reconditioning process.

If you would not have purchased zMax or chosen to have it added to your automobile if you had understood that zMax had not been endorsed or approved by Mercedes-Benz, and so certify below, you will receive a $40 voucher towards any service at Autobahn.*

***By typing my name below, I hereby certify that I would not have purchased zMax or chosen to have it added to my automobile if I had understood that zMax had not been endorsed or approved by Mercedes-Benz.***

_____
Enter Name

*Autobahn has no obligation to make multiple payments to co-buyers, co-lessees, or co-borrowers.  By filling out this form, you agree that you are responsible for resolving any dispute with your co-buyer, co-lessee, or co-borrower regarding this claim.